## CHRISTIAN KASSING *et al.*

*v.*

## INTERNATIONAL BANK.

1. PLEADING AND EVIDENCE. Evidence tending to prove payment may be introduced under the general issue.

2. SURETY — *his right under deed of trust given to indemnify him.* Where a surety on a note deposits with the holder a deed of trust executed by the principal to indemnify him against his liability as surety, and afterward, upon proceedings in bankruptcy against him, compromises with the holder by giving other notes for a less amount, with personal security, or is discharged from his liability on the original note, he will be entitled to have the proceeds of a sale under the deed of trust applied to the payment of the notes so given in discharge of the original note.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. GEORGE W. PARKES, for the appellants.

Messrs. ROSENTHAL & PENCE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, brought to the Superior Court of Cook county, by the International Bank against Christian Kassing and John H. Kassing, on three promissory notes executed by the defendants to the plaintiff. The general issue and a release were pleaded, and the cause submitted to the court for trial, who found for the plaintiff and assessed the damages at eleven hundred and twenty-three dollars and fifty cents, for which judgment was rendered.

The defendants bring the record here on appeal, and assign for error that the finding is against the law and the evidence.

The facts are briefly these: One August Walbaum was indebted to the International Bank in the sum of three thousand five hundred dollars, for which, on March 1, 1871, he executed his note, with Christian Kassing, one of the appellants, security, without any consideration received by him, purely as an act of friendship. To indemnify him, however, for this act, a trust deed was executed by Walbaum on ten acres of land, which he valued at one thousand dollars per acre. This trust deed Christian Kassing deposited with the bank as collateral to this note. After the great fire of October, 1871, proceedings in bankruptcy were instituted against Christian Kassing, and he compromised with his creditors, among whom was this bank holding this note. The bank, with other creditors, signed an agreement, to accept of him forty per cent and release him. It was a part of the agreement, for this satisfaction and discharge, that Christian Kassing should execute his notes at seven per cent, payable in nine, fifteen and eighteen months, to bear date of June 1, 1872, each for one-third part of this forty per cent, and be signed by John H. Kassing, a brother of Christian, as joint maker thereof. It was agreed and promised that, on the receipt of the notes, a full acquit-

tance and discharge of Christian's indebtedness should be given to him by the creditors, this bank among them, and the proceedings in bankruptcy be set aside.

These notes are the three notes, the subject of this controversy, and measure the forty per cent due from Christian Kassing on his guaranty of the note for thirty-five hundred dollars executed by Walbaum on the compromise. This was all the indebtedness of Kassing to the bank. These notes in suit represent the sum total of that indebtedness, and there was paid on them by Kassing, before the commencement of this suit, three hundred and thirty dollars and ninety cents, and since its commencement the further sum of four hundred and ninety-nine dollars.

The land conveyed by the trust deed so deposited by Kassing with the bank was sold by the trustees at the instance of the bank, and purchased by the president of the bank, as he testifies, on his private account, for the sum of twenty-six hundred and fifty-five dollars. After deducting the expenses of the sale, the net proceeds amounted to twenty-five hundred and eighty-three dollars, which the president of the bank testifies was applied as a credit on Walbaum's note, of which Christian Kassing was a joint maker, as before stated.

Appellants contend such was an improper application of those proceeds. They insist they should be applied first to the extinguishment and satisfaction of the notes in suit, and the balance applied on Walbaum's debt. And this is the only important question in the case, as it appears to us, though not fully presented by appellants in their brief.

It is in proof this deed of trust was designed and executed as an indemnity to Christian Kassing, to secure him for signing the note with Walbaum of thirty-five hundred dollars. By the compromise and sealed agreement of the bank, the payee of this note, and Kassing, he was released from all but forty per cent of the note, which, leaving out the interest, amounted to fourteen hundred dollars and no more. This was the total

indebtedness of Kassing to the bank at the time of the compromise.

It was known to the bank Kassing was a mere security — that he signed the note for the accommodation of Walbaum, without any valuable consideration moving to him. If this trust deed was executed for the benefit of Kassing, and that is fully established by the testimony, then, clearly, Kassing was entitled to the benefit of the proceeds of the sale under it. The proceeds should, therefore, be applied to his indemnity, the deed of trust being executed for that very purpose. If so applied the notes in suit were largely overpaid. Payment of a note can be given in evidence under the general issue. This was the doctrine of the common law prior to the rules adopted at Hilary term in the fourth year of the reign of William 1V. 1 Ch: Pl. (9th Am. ed. 477 and 516) note f; 1 Lord Raym. 219; *Baylies et al.* v. *Fettyplace,* 7 Mass. 325. This court said in *Crews* v. *Bleakley,* 16 Ill. 21, that evidence tending to prove payment might be given in evidence under the general issue. The only objection to this doctrine is that plaintiff might be taken by surprise, but that could rarely be, as he is presumed to know all the facts of his case. It appears to us from the proofs, these notes have been fully paid by the sale of the land which was specially conveyed in trust for the benefit of Kassing, although it appears to have been made to secure the payment of a note by Walbaum, payable to himself for the same sum of thirty-five hundred dollars, which was merely collateral to the first note of that amount. Why the transaction assumes that form we are not advised, but the fact is incontestible that the deed of trust was for the benefit of Kassing.

The plea of release interposed was not a proper plea in the case, for the notes in suit were the consideration of a release from sixty per cent of the original indebtedness. They are the offspring of the compromise and have been fully paid. The finding of the court, therefore, was erroneous, and the judgment must be reversed.

*Judgment reversed.*