Minnie C. Coulter, Appellee, v. Travelers' Protective Association of America, Appellant.

Gen. No. 4,928.

1. PLEADING—*when special plea not essential.* It is not necessary to plead specially any defense that may properly be offered under the general issue; a demurrer is properly sustained to a

special plea which interposes á defense admissible under the general issue.

2. PLEADING—*what defenses admissible under general issue.* Payment and a release may be offered in evidence under the general issue.

3. PLEADING—*when provision of constitution of fraternal benefit society not considered.* A section of the constitution of a fraternal benefit society pleaded in connection with a release set up by way of defense to an action instituted upon a certificate, will not be considered if the logical connection or effect between such section of the constitution and the release is not averred.

4. FRATERNAL BENEFIT SOCIETIES—*when release does not discharge death claims.* A release in full by a member for benefits to which he was entitled by virtue of injuries does not discharge the right of the beneficiary to recover death claims if death ensued from such injuries.

5. FRATERNAL BENEFIT SOCIETIES—*when full death claim should not be awarded.* If the full liability provided for by a certificate is $5,000, such amount should not be allowed if prior to death, benefits with respect to the accident which caused the death of the member, had been paid to him.

6. EVIDENCE—*what competent as admission against interest.* Proofs of loss containing answers by a physician, sworn to as true by the beneficiary, are competent against her as admissions against interest, and the defendant offering them may select such portions as it sees fit and offer the same, if material, subject to the right of such beneficiary to offer such other parts of the document as qualify or modify such admission or declaration against interest.

7. INSTRUCTIONS—*what proper in action upon accident benefit certificate providing for non-liability when death results wholly or in part from disease.* In such a case an instruction is proper which tells the jury that though they believe from the evidence that the death of a member was caused in part by bodily infirmity or disease, yet that if the jury further believe from the evidence that said member received accidental injuries and that such bodily infirmity or disease was caused by or was a natural, direct, proximate and necessary result of such accidental injuries, and that such accidental injuries were the direct cause of his death, then the fact that such bodily infirmity or disease contributed to cause the death of such member, would not constitute a defense to the action.

Assumpsit. Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed April 14, 1908. Rehearing denied October 14, 1908.

Statement by the Court.    This is an action in assumpsit brought by Minnie G. Coulter of Rock Island, Illinois, appellee, against the Travelers' Protective Association of America, appellant, for five thousand dollars indemnity, on a certificate of membership for the death of her son, Harry W. Coulter.    The declaration was filed to the January term, 1905, of the Rock Island Circuit Court.    It alleges that the Travelers' Protective Association of America is a fraternal beneficiary society or corporation organized under the laws of the state of Missouri, and doing business in the state of Illinois, by virtue of the statutes of Illinois in such case made and provided; that on June 21, 1902, said defendant company executed and delivered to one Harry W. Coulter, deceased, the son of plaintiff, its benefit certificate or policy, to wit, a certificate of membership in said association, in and by which it is provided and agreed by said defendant association that said Harry W. Coulter is entitled to all the benefits accruing from such membership under the provisions of the constitution and by-laws of said association, said benefits, in case of the death of said Harry W. Coulter, being payable to plaintiff under the name of Minnie G. Coulter as therein stated; that at the time said certificate was so executed and delivered to said Harry W. Coulter and from thence hitherto the by-laws of said defendant association in that behalf, provided that five thousand dollars shall be paid to the beneficiary named in the certificate of any deceased member in case of the death of said member by accident, provided such death shall occur within three months after such accident and such accident be within the conditions and limitations of the benefit certificate.    Plaintiff avers that, to wit, June 1, 1904, while said benefit certificate was in full force, the said Harry W. Coulter received by accident, while about his business as a traveling salesman riding on a railway train and not in any manner or while engaged

in any occupation prohibited by the rules or conditions
of said certificate, a bruise on and sprain of the back
and divers internal injuries, from the effect of which
accident said Harry W. Coulter thereafter on August
24, 1904, died. It is further averred that Harry W.
Coulter kept and performed on his part all the condi-
tions and requirements in accordance with the terms
of said certificate and of the constitution and by-laws of
said association; that within four days after receiving
said accident said Harry W. Coulter notified the de-
fendant of the particulars of the same and gave the
defendant the name of his attending physician; that
the plaintiff notified defendant of said death of de-
ceased, and made the proofs required by defendant on
blanks furnished by defendant for that purpose; by
means whereof the defendant became liable, etc. A
copy of the certificate of membership, it being No.
43406, is attached to the declaration. On the back of
the certificate is a set of rules specifying in what in-
stances the defendant shall not be liable. One of these
rules is: The member agrees that the Travelers' Pro-
tective Association of America shall not be liable for
injuries incurred by a member in an occupation more
hazardous than specified in his application * * * or
death or disability when caused wholly or in part by
any bodily or mental infirmity or disease.

The defendant filed the plea of the general issue
with six special pleas. The second special plea avers
that the plaintiff has no cause of action because, under
the terms of the certificate issued to Harry W. Coulter,
said Coulter was entitled to all benefits accruing from
his certificate of membership under the provisions of
the constitution and by-laws of defendant as in the
declaration set forth; that at the time said certificate
was issued and at the time of said injuries and death
the constitution contained the following provisions:
Section 7. ''All claims for benefits or indemnity under
the benefit certificate of a member and this constitution

must be made to the National Board of Directors on the regular blank furnished by the board. *Such claims are not divisible and must be presented after the total recovery of the member or after his death;"* that after said Coulter received the injuries mentioned in the declaration he notified defendant of said injuries for the purpose of obtaining full payment of his benefits; that after he notified defendant of said injuries, defendant on the 16th day of July, 1904, during the lifetime of said Coulter, for the purpose of making full satisfaction, discharge and payment for said injuries issued to him a draft for the sum of $75 in words and figures as follows, to wit, "Travelers' Protective Association of America. St. Louis, Mo., July 16, 1904. This check will not be paid if detached from receipt or if the receipt is not signed by the claimant." Here follows the draft for $75 which is followed by the words, "This check will not be paid if detached from the receipt, or if the receipt is not signed by the claimant." It is further averred, that after said draft was received said Coulter on the 19th day of July, 1904, executed and delivered to the defendant a release and discharge of his claim to said defendant, which said release is in words and figures as follows, to wit:

"Claim No. 8324. Certificate No. 43406. Know all men by these presents, that I Harry W. Coulter in consideration of the sum of seventy-five dollars to me paid by the Travelers' Protective Association of America the receipt whereof is hereby acknowledged, do hereby release and forever discharge said Travelers' Protective Association of America from all liability for or on account of accidental injuries received by me on or about the first day of June, 1904. Witness my hand and seal at Rock Island Ill. this 19th day of July, 1904.
Done in the presence of
W. J. Coulter.                    HARRY W. COULTER,
                                       Claimant."

That by the terms of said release said Harry W. Coulter did then and there release all claims, demands

and causes of action which he then had against the defendant, or might thereafter have or allege against it and did release and discharge to defendant any claim or demand plaintiff might thereafter have or allege against it for said injuries. The first special plea is the same as the second except that in the first no reference is made to the clause of defendant's constitution set up in the second special plea. The other four special pleas plead the rule on the back of the certificate that the defendant is not liable for death or disability when caused wholly or in part by any bodily or mental infirmity or disease, and aver in different forms that said Coulter did not die solely from the effects of the accident and injuries mentioned in the declaration but that his death was caused in part by the disease known as typhoid fever. A demurrer was sustained to the first and second special pleas, and replications were filed to the other pleas. After the evidence for the plaintiff was closed, the declaration was amended by changing the allegation that the deceased was injured while riding on a railway train to "in a manner to plaintiff unknown." The original pleas were refiled, with two additional special pleas averring contractual limitations. A demurrer was filed and sustained to the first, second and seventh special pleas, and issues joined upon the others. A verdict was returned for plaintiff for $5537.50. The defendant made a motion for a new trial. The plaintiff remitted $83 and the court overruled the motion for a new trial and rendered judgment for $5454 in favor of plaintiff. Exceptions were properly preserved by the defendant who brings the case to this court by appeal.

JACKSON, HURST & STAFFORD, for appellant; HENRY T. KENT, of counsel.

SEARLE & MARSHALL, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

It is assigned for error that the court erred in sustaining the demurrer to the first and second special pleas, and in sustaining the objection of appellee to admitting in evidence on behalf of appellant the release from further damages which is set forth in the special pleas, and the section of the constitution of appellant which is set forth in the third special plea. These pleas are pleas of payment and release. The rule is that it is not necessary to plead specially any defense that may be properly offered under the general issue. Payment and a release may be offered in evidence under the general issue. Kassing v. International Bank, 74 Ill. 16; Chicago W. & V. Coal Co. v. Peterson, 45 Ill. App. 507; 18 Encyc. Pl. & Pr. 88. The general issue was filed in this case, so that the release itself was admissible in evidence without a special plea, if it was competent and material evidence. It is not error to sustain a demurrer to a special plea which does not set up some matter which is not available under the general issue.

The third special plea also set forth a part of the constitution of appellant. The plea does not aver the legal effect of the section of the constitution and does not aver any logical conclusion or effect between the constitution and the release, and hence that part of the plea referring to the constitution is incomplete and insensible. We express no opinion about the meaning or effect of this section had it been properly pleaded. The third special plea cannot be considered as anything more than a plea of satisfaction based on the release alone. There was no error in sustaining the demurrer to the pleas.

Where a corporation bases its defense upon its charter or by-laws the same must be properly pleaded. 5 Encyc. Pl. & Pr. 94. There was no plea based on the section of the constitution offered in evidence, and

therefore the objection thereto might have been properly sustained because there was no foundation for its introduction in the pleading unless there was some other reason why the objection should have been overruled. The record shows that the appellee offered certain pages of appellant's constitution and by-laws in force July 1, 1901, and that it was stipulated that "either side may introduce in evidence such parts of such book as they may desire, without further proof in regard to the authenticity of the book and contents." This stipulation apparently waives all objections to the section of the constitution and by-laws in the book offered by appellee, and would permit anything in the book material to the case to be offered in evidence without respect to the pleading. The offer by appellant however is of the constitution and by-laws in effect July 1, 1902, to July 1903, which is a date subsequent to that of the book offered by appellee and subsequent to the contract for indemnity and benefits issued to the deceased. The objection to the section of the constitution from a book other than that the stipulation concerned was properly sustained as there was no foundation for it in the pleading.

The release was executed July 19, 1904, by the insured, Harry W. Coulter, now deceased, and recites that it is in consideration of seventy-five dollars to him paid by appellant and purports to release and discharge appellant from liability for or on account of accidental injuries received by him on June 1, 1904. At the time of the execution of the release Harry W. Coulter was the only party who had any vested interest in the indemnity or benefits. Minnie G. Coulter, the beneficiary in case of his death, had no vested interest in the certificate at that time. The declaration alleges that the appellant is a fraternal beneficiary association. The interest of a beneficiary in a certificate is a mere expectancy which becomes vested only on the death of the assured. Middeke v. Balder, 198 Ill. 601; Martin

v. Stubbins, 126 Ill. 404; Voigt v. Kusten, 164 Ill. 320; Grand Legion S. K. v. Beaty, 224 Ill. 349. This certificate has a dual nature under the by-laws in providing for indemnity to the member for accidents during his lifetime and death benefits to the beneficiary named in the certificate after the death of the member caused by accident. As the pleadings were at the time of trial no reason appears why a payment of indemnity to the member in his lifetime of what was then due him and over which there was no dispute would be any consideration for the release of death benefits to the beneficiary after the death of the member, and the objection was properly sustained to the introduction of the release.

The rules of appellant printed on the back of the certificate of membership provided that appellant is not liable for death or disability when caused wholly or in part by any bodily or mental infirmity or disease. The proof shows that the deceased claimed to have been injured June 1, 1904, at Wapello, Iowa; that he arrived at his home in Rock Island June 6, suffering from a bruise on his back, and went to bed and was confined to his bed until the 13th of June and from that date he was able to be around walking with a cane. On July 7th he appeared to be so far recovered that he went to work in a mattress factory where he worked until July 16th, when he went home sick and took to his bed where he died on August 24, 1904. The contention of appellee is that deceased died from injuries received June 1, while the contention of appellant is that the deceased died wholly or in part from some bodily disease which it is claimed was typhoid fever. A large amount of testimony was presented by both sides tending to support their respective contentions. It is insisted that the court erred in excluding proper testimony offered by appellant on that issue. Appellee offered in evidence certain proofs of death for the purpose of showing that the rule of the appellant requiring notice and proofs of death to be furnished on blanks furnished by appel-

lant had been complied with. These proofs were admitted, the court stating in his ruling that they were admitted "for that purpose only as tending to prove notice to the defendant of the alleged injury and death of the insured." Among the proofs of death are certain questions and answers thereto made by J. E. Assay, M. D., one of the attending physicians of the deceased. The seventh question and answer is: "How long in your opinion, will the claimant be totally disabled?" "Patient died August 24, 1904, in my opinion of injury to spine and typhoid fever." Question ten and answer thereto from another of the proofs of death is: "Was the deceased to your knowledge afflicted with any affection or disease, acute or chronic, at the time? If so to what extent did it contribute to his death? Answer. Yes, by causing injury to sympathetic nervous system and paretic condition of bowels." The appellee made an affidavit that she is the beneficiary, and setting forth among other things that she had read (or heard read) the foregoing statements and affidavits and each and every one thereof and knows the contents; that they are true of her own knowledge. Appellant offered in evidence said question seven and the answer and said question ten and the answer, in connection with the affidavit of the appellee stating she had read the proofs of death and that they were true. The court admitted the affidavit of the appellee, but sustained an objection to the admission of the questions and answers of the physician on the ground that the party had no right to select out and offer a part of the proofs. The appellee offered to admit the papers as an entirety. Appellant did not accept the offer, but insists on its right to the parts it offered. We are of the opinion that the appellee having made an affidavit that the answers of the physician were true, thereby made such questions and answers material and competent evidence against her. They were, in connection with her affidavit, in the nature of an admission against her interest, but

not conclusive. 7 Encyc. of Ev. 576; Commercial Ins. Co. v. Huckberger, 52 Ill. 464; Supreme Tent of K. of M. v. Stensland, 206 Ill. 124. We conclude that appellant was only required to offer so much of the document as it considered material and pertinent as a declaration by appellee against her interest, subject to the right of appellee to read in evidence such other parts of the document as qualify or modify such admission or declaration by appellee against her interest. 9 Encyc. of Ev. 176; Slingloff v. Bruner, 174 Ill. 561; Heinsen v. Lamb, 117 Ill. 549; Imperial Hotel Co. v. H. B. Claffin Co., 55 Ill. App. 337. The evidence upon the question of what was the cause of the death of the assured was very conflicting and had the evidence to which objection was improperly sustained been admitted the verdict might have been different.

Appellant offered in evidence the affidavit of the deceased made June 22, for the purpose of securing indemnity for the three weeks from June 1 to June 22, that he was disabled from attending to his business, in connection with the draft for $75 and the release. Appellant did not offer this for the purpose of showing or inferring therefrom an admission that Harry W. Coulter had recovered from the injury, but stated that it was offered "for the purpose of proving that Harry W. Coulter during his lifetime made application to defendant for three weeks' indemnity at the rate of $25 per week, and stated in said application that when said claim was paid it should be in full satisfaction of all claims which he had or might have against defendant on account of injury, and that the injury for which said claim was made is the identical injury alleged in plaintiff's declaration." We hold that it was not proper evidence for that purpose, for the reason that it does not appear but that he had a claim for indemnity and plaintiff also had a claim for death benefits. The purpose of the offer having been thus limited, we hold the objection thereto was properly sustained.

Appellant assigns error on the giving of appellee's

fourth instruction. The instruction is that though the jury believe from the evidence that the death of Coulter was caused in part by bodily infirmity or disease; yet if you believe from the evidence that said Coulter received accidental injuries and that such bodily infirmity or disease was caused by or was a natural, direct, proximate and necessary result of such accidental injuries and that such accidental injuries were the direct cause of his death, then the fact that such bodily infirmities or disease contributed to cause the death of the deceased would not constitute a defense to this action. This instruction is in accordance with the rule announced in Central Accident Ins. Co. v. Rembe, 220 Ill. 151; and U. S. Health & Accident Ins. Co. v. Harvey, 129 Ill. App. 104.

The appellant introduced in evidence sections 2 and 3 of Article IX of the constitution in force July 1, 1903. These were admitted in evidence apparently under the stipulation referred to, although the stipulation was concerning a constitution of an earlier date. Section 2 provides that "Five thousand dollars shall be paid to the beneficiaries named in the certificate of a deceased member in case of death by accident." Section 3 provides that "whenever a member of this association shall through external accidental means receive bodily injuries * * * he shall be paid for loss of time occasioned thereby the sum of $25 per week * * * but such sum shall not be paid in addition to benefits received from section 2 of this article." The court at the request of appellee instructed the jury that the clause, "But such sum shall not be paid in addition to benefits received under section 2 of this Article of appellant's constitution, is of no significance in this case, and the jury will not consider the same." Even applying the rule that policies of insurance are construed most strongly against the insurer, and if susceptible of two constructions that most favorable to the insured will be adopted, the appellant would not be liable to the assured for the indemnity and to the beneficiary for

the full benefits. The total liability is $5000. That instruction was erroneous in the form it was given; that error was however attempted to be corrected by the *remittitur*. We do not find any error in the refusal of instructions asked by appellant, for the reason that all proper instructions were contained in those given.

For the error in sustaining objections to proper evidence the judgment is reversed and the cause remanded.

*Reversed and remanded.*