# Wytheville

INDEMNITY INSURANCE COMPANY, ETC. v. ALVIN F. JORDAN.

June 16, 1932.

Present, Holt, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*Joseph D. Deal* and *W. R. L. Taylor*, for the plaintiff in error.

*Louis B. Fine*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

An action was brought by Alvin F. Jordan against the plaintiff in error upon a certain automobile liability policy of insurance, and final judgment was entered in said action by the trial court upon a verdict of a jury in his favor for $5,519.25.

There are two assignments of error but from the view which we have taken of the case it will be unnecessary to discuss the second assignment.

The first assignment is that the court erred in refusing to set aside the verdict of the jury as being contrary to the law and evidence and without evidence to support it and in refusing to enter up judgment for the defendant.

This action was brought by notice of motion for judgment instituted by Jordan against the Insurance Company on a certain automobile liability insurance policy, which had been issued to one S. C. Brandon, owner, protecting him against legal liability in the operation of his certain Ford

automobile. The particular provision in the policy around which the issues in this case center is as follows:

A. "It is hereby understood and agreed, unless limited by endorsement attached hereto, that this policy is extended to cover as additional assured any person or persons, while riding in or legally operating any automobile described in the declarations and any person, firm or corporation, legally responsible for the operation thereof (excepting always a public garage, automobile repair shop and/or sales agency, and/or service station and agents and employees thereof), provided such use or operation is with the permission of the named assured, or, if the named assured is an individual, with the permission of an adult member of the assured's household other than a chauffeur or domestic servant. In no event shall the extension of insurance herein provided be considered to cover the purchaser of any automobile described herein, if sold, or a transferree or assignee of this policy except by the direct consent of the company in the manner indicated in condition 'H' of this policy."

While the policy was in force and before the accident, Brandon had frequently lent the automobile covered thereby to one E. H. Adams, who was not a member of Brandon's household nor his agent. Adams could not operate an automobile and he obtained for that purpose several persons at different times and one of these persons was one R. V. Ford. The fact that Adams could not operate an automobile was known to Brandon who also knew that he obtained others to drive the automobile for him during the time that he, Adams, had possession of the same. Brandon was willing for Adams to have the automobile and also was willing for Adams to secure the services of others for the purpose of operating it. On several occasions Brandon had seen Ford operating the automobile without the presence of Adams therein.

On the 3rd day of July, 1929, Adams borrowed the auto-

mobile from Brandon and employed Ford to operate it for him. On the evening of July 4, he (Ford) drove Adams to his home and without objection from him drove the automobile to Ocean View. This, however, was without the knowledge of Brandon, the assured, under the policy referred to.

Late in the night of July 4th, or early in the morning of the 5th, the automobile was involved in an accident which resulted in severe injuries to Alvin F. Jordan. Ford was driving the automobile at the time without any permission from Brandon or Adams. Jordan thereafter brought an action against Brandon, Adams and Ford. This action resulted in a judgment against Ford alone. No recovery was had against Brandon, the owner, or Adams. Execution was issued upon the judgment against Ford and returned "no effects" and thereafter the instant action was instituted against the Indemnity Insurance Company by Jordan upon the theory that Ford was using the automobile under such circumstance that condition "A" above set forth extended to and protected him as an additional assured under the policy. This contention is based, not upon any express permission granted by Brandon, the assured, to Ford to drive the automobile, but upon an implied permission. It is contended that an implied permission by Brandon to Ford, to drive the automobile at the time of the accident, is brought about by the fact that on several prior occasions Brandon had seen Ford driving the automobile without the presence of Adams therein and had not made any objection.

■■ When we examine the policy and consider the particular provision thereof and the entire evidence it is obvious that this contention is unsound. An examination of the policy discloses that the contracting parties thereto are Brandon, the assured, and the Indemnity Company; that Jordan, the defendant in error, was in no sense privy to the contract; that the policy is plain and unambiguous;

that it expressly designates the persons who are protected thereunder, namely, the assured and those legally operating the automobile with the permission of the assured or with the permission of an adult member of the assured's household.

It is manifest that Jordan cannot recover under the policy unless he proves by a preponderance of the evidence that Ford, at the time the injury was inflicted, was driving the automobile by permission from Brandon, the assured. It is shown that Ford was not a member of Brandon's household and that he was not Brandon's agent. When the evidence is considered it appears that Ford did not have any permission from Brandon at the time. This fact is conclusively shown, not only by the uncontradicted testimony of Brandon and Adams, but by the uncontradicted testimony of Ford himself. The fact that Brandon may have seen Ford driving the automobile upon other prior occasions would not be sufficient to imply a permission to Ford to drive at the time of the accident within the contemplation of the policy. The policy being plain and unambiguous, cannot be extended to include and protect others who do not come within its terms.

Counsel for defendant in error places great reliance upon the case of *Odden* v. *Union Indemnity Co.*, 156 Wash. 10, 286 Pac. 59, 60, 72 A. L. R. 1363. There one Grill owned the automobile and he bought from the Indemnity Company a liability policy. It contained a provision similar to the one in the case now before us. Grill turned the automobile over to one Hickey to use and operate as his own for business or pleasure and consented to the operation of it by others. Hickey took possession of the automobile and placed it in a public garage. He used it for several months and permitted others to use it with the consent of Grill. Hickey authorized one Bullock to use the automobile and Bullock invited Odden (the plaintiff) to ride. An accident occurred and Odden was injured. He sued Hickey and Bullock and

recovered judgment against both of them. They were worthless and an action was brought by Odden against the Indemnity Company on the theory that he was protected under the policy. The trial court sustained a recovery against the Indemnity Company and it was affirmed by the Supreme Court of Washington. The latter court in affirming the decision of the trial court said: "* * * It plainly appears that the loan of the automobile by Grill to Hickey vested in Hickey full power, while the automobile was so in his possession, to use it personally for his own business or pleasure and full power to permit its use by others for their own business and pleasure, as if he were the owner of the automobile. It follows, we think, that Hickey's permission to Bullock to so use and permit the use of the automobile was * * * in legal effect the same as if Grill had himself permitted Bullock to use the automobile."

We are not disposed to commit this court to that holding. The construction there adopted is a strained and unnatural one. It would result in enlarging and extending the policy to include persons whom the Indemnity Company never agreed to protect.

The Washington case is distinguished from the instant case by reason of its peculiar facts. There, Hickey, the borrower, had the exclusive right to the use and possession of the automobile and had had the possession of it for several months before the accident. He, having the permission of the assured, Grill, to use it, was covered by the policy. The judgment in that case was against Hickey and of course the insurance company was liable because he was protected under the policy. In the present case, Adams secured permission from the assured, Brandon, each time he needed the automobile. There was no judgment in this case against Adams.

The Federal court in the case of *Trotter* v. *Union Indemnity Company* (C. C. A.) 35 Fed. (2d) 104, reached a different

conclusion from that reached by the Washington court. This case arose out of the same accident and under identical facts as the *Odden* v. *Union Indemnity Case, supra,* and it was held that no recovery upon the policy could be had.

The statement from the Washington case which we have quoted above was not necessary to a decision of that case because liability was fastened upon Hickey who had permission from the owner to use the automobile and by the terms of the policy, he having permission, was protected thereunder.

The defendant in error cites numerous cases to sustain his position. Among them is the case of *Maryland Casualty Co.* v. *Hoge,* 153 Va. 204, 149 S. E. 448. That case is not in point. There Catherine Norwood, the adult wife of R. L. Norwood, living in his home at the time, was the driver of an automobile which had been purchased by her husband for her use and on which the husband had secured a liability insurance policy. She had been in the habit of driving this car for her own pleasure and convenience. The facts in that case are entirely unlike the facts here.

In *Stovall* v. *New York Indemnity Company,* 157 Tenn. 301, 8 S. W. (2d) 473, 477, 72 A. L. R. 1368, a corporation was the assured and it purchased an automobile to be used by Thomas, a salesman. On this car was a similar liability insurance policy. The accident there happened while Thomas was using the car for his own pleasure and the principal question in the case was the deviation in its use. Thomas had permission from his employer to operate the car, by reason of the fact that the employer turned the exclusive possession of the car over to him.

The court held:

"It is our opinion that the words, 'providing such use or operation is with the permission of the named assured,' were intended to exclude from the protection of the policy a person who should take the automobile and use it without

permission or authority in the first instance. If, however, the automobile covered by the policy is delivered to another for use, with the permission of the owner or insured, his subsequent use of it is with the permission of the insured, within the meaning of the policy, regardless of whether the automobile is driven to a place or for a purpose not within the contemplation of the insured when he parted with possession."

In *Dickinson* v. *Maryland Casualty Co.*, 101 Conn. 369, 125 Atl. 866, 41 A. L. R. 500, the driver of the automobile had the permission from the owner and the question was whether or not the insurance company was liable under the policy in view of the fact that the driver had been guilty of a slight deviation in its use. This case is clearly distinguishable from the case under consideration.

In *Ocean Accident & Guarantee Corp.* v. *Bear*, 220 Ala. 491, 125 So. 676, the automobile was bought for the use and business of the assured and was by the assured turned over to its employee to be used in its business. When not so used it was subject to the employee's own personal use and while so using it he had an accident. The court held that the injured party was entitled to recover under the policy.

Other cases are cited by the defendant in error but they, like those referred to, are not in point.

An extended note appended to the case of *Stovall* v. *New York Indemnity Co.*, *supra*, citing many cases involving the application of a similar provision in an insurance policy may be found in 72 A. L. R. 1375.

Our conclusion is that the policy must be construed according to its terms. They are plain and clear and we are bound to adhere to them as the only authentic expression of the intention of the parties.

The judgment of the trial court is reversed and final judgment here entered for the plaintiff in error.

*Reversed.*