Roseland Cab Company for use of Esther Hibley, Administratrix of Estate of James Hibley, Deceased, Appellee, v. Savings Mutual Casualty Company, Appellant.

Gen. No. 42,335.

BURKE, P. J., dissenting.

 Opinion filed June 30, 1943. Rehearing denied December 8, 1943.

BEVERLY & KLASKIN, of Chicago, for appellant; SAMUEL T. KLASKIN, of Chicago, of counsel.

PRESCOTT, BURROUGHS & TAYLOR, of Chicago, for appellee; EUCLID LOUIS TAYLOR and A. M. BURROUGHS, both of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal from a judgment entered in a garnishment proceeding. The case was tried before the court without a jury and a judgment entered March 23, 1942, upon the court's finding that at the time of the service on the garnishee of the writ issued in said cause there was due and owing from the garnishee, Savings Mutual Casualty Company, a corporation, to the defendant, Roseland Cab Company, the sum of $2,500. The court, at the close of plaintiff's evidence, denied garnishee's motion to discharge garnishee and after the close of all the evidence the court overruled garnishee's motion for judgment *non obstante veredicto* and motion for a new trial, and also overruled garnishee's motion in arrest of judgment. Thereupon the court entered judgment for the above amount. Garnishee prayed an appeal to this court.

In plaintiff's affidavit for garnishment it is stated that: "this affiant avers that said defendant has no property within the knowledge of this affiant, in its possession liable to execution; but this affiant has just reason to believe that Savings Mutual Casualty Company, a corporation, is indebted to said defendant, or has effects or estate of said defendant in its hands."

Interrogatories were filed and garnishee in answering stated that the car involved in the accident was one not covered by any indemnity policy issued by gar-

nishee to the Roseland Cab Co., Inc. A replication was filed by the plaintiff.

Plaintiff's theory of the case is that the automobile involved in the accident was covered by an indemnity policy issued by the garnishee.

Garnishee's theory of the case is that the automobile involved in the accident was the personal property of the chauffeur who was driving the same at the time of the accident and that it was not covered by any policy issued to the Roseland Cab Co., Inc., by the garnishee; that in a garnishment proceeding the garnisher can have no greater rights than the judgment debtor; and in this case there was no competent proof made that the automobile involved in the accident was covered in the policy of insurance issued by the garnishee. In its answer the garnishee denied that the car involved in the accident was covered, and cites the case of *Soukup v. Halmel*, 357 Ill. 576. In that case the principal issue was whether or not at the time of the accident one, Anton Halmel, had permission under the terms of the policy to drive the automobile, and the court said at page 579:

"The proof of such permission lies at the foundation of plaintiff's right to recover under the policy. Unless and until that fact was proven there was no duty on the part of defendant to establish any defense under the policy."

In the cited case it was urged that the burden of proof was upon defendant to show that Anton Halmel did not have permission to use the car at the time of the accident, and the court said:

"The burden of proof rested upon plaintiff to establish that Anton was covered by the policy. That burden was not shifted by the affirmative allegation in the answer that he was not covered. The denial raised the issue as to whether he was covered, and not whether a liability existed under the policy because of

an alleged breach. *Lavine v. Indemnity Ins. Co.,* 260 N. Y. 399, 183 N. E. 897; *Indemnity Ins. Co. v. Jordan,* 158 Va. 834, 164 S. E. 539; *Union Indemnity Co. v. Small,* 154 id. 458, 153 S. E. 685.''

Attention was also called to the case of *Jones v. Manufacturer's Cas. Ins. Co.,* 313 Ill. App. 386, where the court said:

"The plaintiffs in this case can recover against the garnishee only if the assured could have successfully maintained an action against the insurer, upon the insurance contract. (*Pogline v. Central Mut. Ins. Co.,* 280 Ill. App. 5; *Wold for use of Wegener v. Glens Falls Indemnity Co.,* 269 Ill. App. 407.)''

It is also suggested that the court held in that case that the burden of proof rested upon the plaintiffs and cited the *Soukup* case on the point.

In *Schmitz for use of Ginsburg v. 75th & Exchange Drug Co., Inc.,* 303 Ill. App. 192, 196, it is stated:

"The right of the creditor against the garnishee cannot, by garnishment, rise higher than the right of the debtor against the garnishee. If the right of the debtor is subject to a right of the garnishee, the right of the creditor is subject to the same right.''

In this case it is contended that there is no proper evidence in the record that the car involved in the accident was or is covered by any contract of insurance issued by the garnishee.

In discussion of the facts it appears that James Hibley was struck by a taxicab at 93rd and State Streets. The cab was driven by Lester Cullin and was owned by the Roseland Cab Co. It was occupied by three passengers, none of whom appeared as witnesses. The cab took Hibley and his wife to the Roseland Hospital at 111th and Cottage Grove. The accident happened at 8:45 p. m. The police arrived at the Hospital 15 minutes later. Before the police came Lester Cullin and Mrs. Hibley sat in the waiting room. Lester Cul-

lin showed the police squad the taxicab with license number 502027 and later signed a statement at the police station in which he said that the cab was State License No. 502027 and City License No. 554266, and that was the automobile that struck Hibley.

It further appears that the next morning he sent a notice of the accident to the defendant insurance company, in which he said that that cab was license No. 502027. Several days later he testified at the Coroner's inquest the same:

"Q. Was the automobile that was described in the record at the first hearing by the accident prevention officer, was this the same cab you were operating the night of the 26th of May? A. Yes, sir."

It also appears that when the garnishment proceeding approached trial Cullin made an affidavit that he was driving at the time of the accident a Chevrolet sedan, motor No. 2484905 and license No. 502025, which automobile and license were purchased by him and he testified likewise at the trial that he purchased the license for the car in his own name and that the car was his personal property. He admitted, however, on cross-examination that the car was purchased by the Roseland Cab Company and that license No. 502025 was registered in the office of the Secretary of State as the property of the Roseland Cab Co., and issued for taxicab, motor No. 791079, bond No. T. 13385, which bond was signed by the insurance company. He said that the automobiles were exchanged while he was in the hospital and his testimony regarding the license numbers is not corroborated by any witness. His nephews, witnesses that appeared to have been present, did not notice the license number of either car, nor the time the change was made. These witnesses also varied in their description of the automobiles. Ted saw a gray automobile and Charles a cream and blue automobile. Ted said he delivered the substitute car to the

hospital, and then retracted his testimony by saying that he did not go to the hospital.

It is further contended by the plaintiff that although defendant makes the point that plaintiff cannot recover on the policy unless the Roseland Cab Company can recover, the argument is immaterial because the liability of defendant is based upon the identification of the taxicab, license No. 502027, which was insured by defendant, as the taxicab that struck James Hibley.

Subparagraph (2) of par. 59, ch. 95½, Ill. Rev. Stat. orders the owner of a taxicab to provide:

"A policy of insurance in a solvent and responsible company, authorized to do business in the State of Illinois, insuring said owner of said motor vehicle against liability for any injury to or death of any person resulting from the negligence of such owner or his agent, in the operation of such motor vehicle. Said policy of insurance may cover one or more motor vehicles, and shall insure such owner for the sum of two thousand five hundred dollars ($2,500) for one motor vehicle, and for two thousand five hundred dollars ($2,500) additional for each additional motor vehicle covered by the same policy, provided that the maximum payment required of such company on all judgments recovered against an owner hereunder, shall not exceed the sum of two thousand, five hundred dollars ($2,500) for each motor vehicle operated under the provisions of this section; said policy of insurance shall provide for payment and satisfaction of any final judgment rendered against the owner of said motor vehicle for such injury or death, and shall provide that suit may be brought in any court of competent jurisdiction upon such insurance policy by the owner of any such judgment. Said insurance policy shall contain a description of each motor vehicle, giving the manufacturer's name and number and state license number."

It appears from this record that Esther Hibley instituted suit at the September term of the superior court of Cook county in 1940, and judgment was entered in favor of Esther Hibley, administratrix of the estate of James Hibley, deceased, and against the Roseland Cab Company, a corporation, and Lester Cullin, for the sum of $10,000 damages, which was reduced by the court to $5,000 and $30 costs of suit, and execution was issued upon the judgment against the defendant, which was returned by the sheriff "no property found." The affidavit of the plaintiff avers that the defendant has no property within the knowledge of this affiant but that she has just reason to believe that the Savings Mutual Casualty Company, a corporation, is indebted to the defendant and has effects or estate of the defendant, and summons was issued to the Savings Mutual Casualty Company as garnishee in the proceedings.

This action is in the name of Roseland Cab Company for the use of Esther Hibley to enforce the payment of a $2,500 liability of the defendant under a policy of insurance issued by the defendant Savings Mutual Casualty Company to Roseland Cab Company as required by the Vehicle Act of the State of Illinois, ch. 95½, par. 59, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 85.057], which makes it unlawful for a cab to be operated without a liability insurance policy or bond amounting to $2,500, and to have payment under said policy applied toward the satisfaction of the judgment which she obtained against the Roseland Cab Company and Lester Cullin for causing the wrongful death of James Hibley which resulted from the injury sustained by James Hibley when he was struck by a taxicab owned by the Roseland Cab Company.

Evidence was offered in support of plaintiff's claim, of a photostatic copy of the insurance policy and the application therefor. Also offered and reproduced in

the abstract is a sworn affidavit by Lester Cullin, president of the Roseland Cab Company, in which he stated that he was the driver of the taxicab which struck and killed the plaintiff's intestate and that the automobile so driven by him was a 1939 four-door Chevrolet sedan, motor No. 2484905, Serial No. 21 JD 04-21147, and bore State license plate for 1939 No. 502-025. This affidavit, made at a much later date than the time of the accident, and specifying the license number as 502-025, is contradictory of Lester Cullin's statement to the police at the time of the accident, and is also contradictory of his testimony before the coroner, in both of which instances he specified the car which he was driving when he struck the deceased as being the one which bore 1939 State license number 502-027. His statement at the time of the accident was also in accord with the testimony of Esther Hibley who was an eye-witness to the accident. No. 502027 is the license on the taxicab upon which defendant issued an insurance policy and bond, which insurance policy or bond was in full force and effect at the time of the injury to plaintiff's intestate.

In attempting to show that the automobile involved in the accident was not covered by said policy it is suggested that the plaintiff on direct examination testified that she could not remember all the parts of the license, but "the last two numbers I remember and it was '027," and on cross examination defendant suggests that she testified, "I guess it had six numbers but I could only remember the last two. The fourth one I think was '2. The last three numbers were '027. I could not remember the first three numbers. I have no idea."

However, it would appear that for the first time, as suggested by the plaintiff, Lester Cullin, who was called as a witness by the garnishee, testified he did not drive any of the business cars of the Roseland Cab Company the day of the accident; that he got a

call that evening and in order to make the trip he used his own personal car bearing license number 502025, and then describes that it was painted the same color as the cabs but had no business name on it.

So the question of fact was one for the court who was hearing this case, and in passing upon it he would have to consider the credibility of the witnesses as they testified, and also consider what interest, if any, any of the witnesses may have had in the outcome of this litigation. The court reached the conclusion as it appears from this record, that the plaintiff was entitled under the facts as they are established to judgment in this garnishment proceeding.

Among the questions that were called to the attention of the trial court was one in which the defendant contended that the notice of the accident sent to the defendant by the insured, and the statement signed by the insured for the police department, were not admissible in evidence. The defendant in support of its theory makes a point on the law and the ruling of the court on the admissibility of certain evidence and then argues the sufficiency of the evidence. An attack is also made on the credibility of Esther Hibley. However, it appears that the defendant overlooked the identification by Esther Hibley of exhibit 1, later admitted in evidence, and which defendant argues that the court erred in admitting. The identification by Esther Hibley, who was present at the time Lester Cullin made and signed the statement, was sufficient to admit exhibit 1 in evidence. It also appears from the record that the admissions of Lester Cullin are direct evidence and are admissible. The suggestion is made by the plaintiff that the defendant must have deemed the report of Lester Cullin worthy of consideration, beause the defendant ordered its attorneys to make an investigation and to appear at the inquest, and paid for their services. Answering defendant's argument as to plaintiff's exhibit 3, plaintiff points

out that in this case Cullin could not collect from the insurer and was merely putting the insurer on notice of the accident so that the insurer could protect its interest.

In the case of *Coulter v. Travelers' Protective Ass'n,* 144 Ill. App. 255, cited by defendant, the court held: that proofs of loss containing answers by a physician, sworn to as true by the beneficiary, are competent against her as admissions against interest. It is a departure from the point for defendant to argue that the notice given defendant by Cullin was not proof of the facts. The court under the facts as they appear in this record was justified in not believing Cullin's evidence that was changed from his original statements upon the question of his license number of the automobile in question.

When we come to consider the evidence, the sole issue in this case was whether Roseland Cab Company's taxicab with 1939 Illinois license No. 502025 or Roseland Cab Company's cab with Illinois license No. 502027 was the one that struck James Hibley. There seems to be no dispute that taxicabs with 1939 licenses of each of these numbers were owned by the Roseland Cab Company. The defendant admits in its answers to the interrogatories that the Roseland Cab Company owned taxicabs with 1939 license numbers 502025 and 502027 and that said taxicabs were insured by the defendant, but defendant contends that the bond on No. 502025 expired a month prior to the accident, and it is suggested by the defendant that Lester Cullin was attempting to shift automobiles so that the insurance company would have to pay the damage. It would appear, however, that Cullin's claim in regard to his ownership of License No. 502025 was a slip in his evidence, that the testimony he gave as to License No. 502025 was an afterthought, and that Cullin forgot that it was issued for a taxicab and not for his private automobile. So he evidently was not truthful in making the statement that License 502025 was issued for

his personally owned car. It appears from Lester Cullin's own written statements and affidavit that he was not telling the truth. When the police came he pointed to taxicab No. 502027 as the car involved; he went to the police station two hours later and signed a statement for the police identifying taxicab No. 502027 as the car involved; the next morning he sent his signed statement, plaintiff's exhibit 3 to the defendant insurance company, stating that the death car was No. 502027; and later Cullin testified under oath at the coroner's inquest that this taxicab No. 502027 was the car that struck the man. Notwithstanding this sworn testimony Cullin had the effrontery to swear and did offer evidence on the trial of the instant case that No. 502027 was not the death car, and it would appear that in order to save the defendant $2,500 he forgot that the Roseland Cab Company owned Illinois license No. 502025. He swore under oath positively that he personally owned the license No. 502025. He was the president of The Roseland Cab Company and he registered and insured a taxicab with motor No. 791079, license No. 502025, under bond No. T. 13385, yet testified under oath that license No. 502025 was issued to him personally for an automobile with motor No. 2484905; and upon examination testified that the taxicab owned by the Roseland Cab Company with motor No. 791079 was registered under license No. 502025.

So when we come to consider the evidence as it was presented it is apparent that the court did not err in admitting in evidence the notice of the accident which was sent to the defendant by the insured and the statement signed by the insured for the police department.

Under the circumstances we believe the judgment entered by the court was proper, and it is therefore affirmed.

*Affirmed.*

KILEY, J., concurs.

Mr. Presiding Justice Burke dissenting: The plaintiff in this case can recover against the garnishee only if the judgment debtor could have successfully maintained an action against the garnishee. The garnishee denied that it was indebted to the judgment debtor. The right of plaintiff to recover against the garnishee is bottomed on the insurance policy. The burden was upon plaintiff to identify the car that was involved in the accident as the car covered by the policy issued by the garnishee. Plaintiff failed to make this proof. The bond covering Roseland Cab Company taxicab, motor No. 791079, 1939 license No. 502-025, bond No. T-13385, was canceled on April 21, 1939, more than a month prior to the accident. The private car of Lester Cullin which was involved in the accident was not a taxicab and it bore motor No. 2484905. At that time there was attached to Mr. Cullin's automobile 1939 license plates No. 502-025. There was no competent evidence introduced by plaintiff which connected the automobile involved in the accident with the policy issued by the garnishee to the judgment debtor. I am of the opinion that the court erred in admitting the notice of the accident sent to the garnishee, and also erred in admitting the report of the Accident Prevention Division of the Chicago Police Department. These exhibits could not bind the garnishee. The court should have permitted the garnishee to prove that subsequent to the time Lester Cullin made his proof of loss he was confronted with a charge that the automobile described therein was not in fact the automobile involved in the accident and that the automobile involved in the accident was not the automobile insured by garnishee under any of its policies; that at that time garnishee received an admission from Mr. Cullin that the car described in the proof of loss was not in fact the car involved in the accident and that he stated that this car was in the accident for the sole purpose of getting coverage for that accident, when as a matter of fact it was

not covered; that Cullin then for the first time admitted to the garnishee that the charge was true and that the automobile involved in the accident was not the automobile insured by garnishee under any of its bonds. The court also should have permitted proof by the garnishee that when the automobile involved in the accident was returned to the garage it was examined; that blood stains were found upon the seat and a dent in the hood; that the automobile was sent to a repair shop where the dent was taken out of the hood, and that an effort was made to remove the blood stains. The evidence shows that after the accident the cars were switched and that the car that was actually in the accident was not covered by any policy issued by the garnishee. My view is that the judgment against the garnishee should be reversed.