# CIRCUIT COURT OF FAIRFAX COUNTY

Fort Dearborn Life Ins. Co.

   v.

Patrice Burks et al.

November 15, 2006

Case No. (Law) 2006-673

BY JUDGE R. TERRENCE NEY

This matter came before the Court on Defendant Patrice Burks' Motion to Request Release of Funds. After oral argument, the Court took the matter under advisement.

*Facts*

On October 21, 2005, William Burks, Sr. (Burks) passed away from lung cancer. Pl. Pet. for Interpleader ¶ 11. He was survived by, his wife, Patrice Burks (Patrice), son, William Burks, Jr. (William), and two daughters from a prior marriage, Samantha Burks (Samantha) and Rochelle Burks (Rochelle). Pl. Pet. for Interpleader ¶ 14.

In 1999, Burks' employer, T.C.B. Masonry, Inc., offered him $27,000 in basic life insurance coverage provided by Fort Dearborn Life Insurance Company (Fort Dearborn). Pl. Pet. for Interpleader ¶ 7. On October 8, 1999, a person asserting to be Burks signed an employee election form and designated Patrice as the sole beneficiary of the policy. Pl. Pet. for Interpleader ¶¶ 10, 16.

On November 4, 2005, Fort Dearborn received a letter from Samantha contesting payment of the life insurance proceeds to Patrice. Pl. Pet. for Interpleader ¶ 15. Samantha alleges that her father was illiterate and could not

have read or signed the Employee Election form. Pl. Pet. for Interpleader ¶ 15. She also claims that Patrice and Burks separated prior to his death. Pl. Pet. for Interpleader ¶ 13.

On November 8, 2005, Fort Dearborn received a Death Claim Form from T.C.B. Masonry, Inc., which listed Patrice as the insurance proceeds beneficiary. Pl. Pet. for Interpleader ¶ 16. Then, on December 28, 2005, Fort Dearborn received claims from Samantha and Rochelle requesting the life insurance proceeds. Pl. Pet. for Interpleader ¶¶ 18, 19. They also notified Fort Dearborn that their incarcerated half-brother, William, was also contesting payment to Patrice. Pl. Pet. for Interpleader ¶ 20. The children, Samantha, Rochelle, and, allegedly, William, each demand payment of $8,000 with $3,000 applied to a headstone for their father. Pl. Pet. for Interpleader ¶ 21.

As is proper under § 8.01-364 of the Virginia Code,[1] Fort Dearborn filed a Petition for Interpleader. Fort Dearborn also named American Capital Funding, L.L.C., as a defendant because of an irrevocable agreement created when Patrice assigned $6,957.81 of the policy proceeds to pay for funeral expenses. Pl. Pet. for Interpleader ¶ 22; Def. American Capital Funding, L.L.C., Answer to Pet. for Interpleader ¶ 2. This Court granted Fort Dearborn's Petition and ordered them to tender a check for $26,108.07, the policy proceeds minus costs, payable to the Fairfax County Court Clerk. Order of Circuit Court of Fairfax County, Virginia (June 9, 2006).

## Analysis

The primary issue before this Court is whether the children of the decedent Burks are entitled to a portion of the life insurance proceeds.

In *Carter v. Carter*, John Carter (Carter), a manager for American Cyanamid Company, was insured under a life insurance group policy carried by his employer. *Carter v. Carter*, 202 Va. 892, 893 121 S.E.2d 482, 483 (1961). In 1949, when the policy was first created, he named his wife as the sole beneficiary. Then, sometime after the birth of his sons, he changed the beneficiaries on the policy, listing his two sons and his mother as the beneficiaries instead of his wife. *Id.* at 894, 483. In 1959, Carter was killed in a plane crash. *Id.* at 893, 842. The wife contested her exclusion from the

---

[1] "Whenever any person is or may be exposed to multiple liability through the existence of claims by others to the same property or fund held by him or on his behalf, such person may file a pleading and require such parties to interplead their claims." Va. Code Ann. § 8.01-364(A) (2006).

policy, arguing that Carter was unaware of the significant increase in the amount of coverage and, "in view of their mutual love, respect, and cooperation," could not have intended to exclude her from the benefits of the policy. *Id.* at 896, 484-85.

The *Carter* court stated that the question was not, "what is best for decedent's wife or family, or what the decedent may have wished to do in consideration of all the circumstances." *Id.* at 896, 485. Instead, the court found the real question was, "whom did [Carter] designate as his beneficiary or beneficiaries of the indemnity provided in the Blanket Accident Policy." *Carter v. Carter*, 202 Va. 892, 896, 121 S.E.2d 482, 485 (1961). The court went on to say:

> The intention of the parties must be determined from what they actually say and not from what it may be supposed they intended to say. Where the meaning of the language used is clear, a contract needs no interpretation. It speaks for itself. We are bound to adhere to it as the authentic expression of the intention of the parties.

*Id.* (*citing Darden v. North American Benefit Association*, 170 Va. 479, 482, 197 S.E. 413; *Atlantic Life Ins. Co. v. Worley*, 161 Va. 951, 960, 172 S.E. 168; *Indemnity Ins. Co. v. Jordan*, 158 Va. 834, 841, 164 S.E. 539).

The court continued by stating, "The only authentic expression of his intention is the designation that he made in the Group Policy." *Id.* at 898, 486. The court found that, for whatever reason, Carter plainly indicated that he did not want his wife to be a beneficiary and a court has "no right to usurp [a decedent's] right to name his beneficiaries." *Id.* at 898, 486.

The *Carter* court went further and compared Carter's situation to those of wills and found:

> [T]hat where a testator fails to make provisions in his will dependent upon circumstances, either foreseen or unforeseen, then the courts should refuse to make such provisions for him; and that it is our duty to follow the intention of the person signing an instrument as shown by the language used and not to reform or correct the same because of unforeseen conditions arising after its execution.

*Id.*

Here, there was no conclusive evidence presented at the October 19, 2006, hearing to support a finding that Burks did not intend to name Patrice as his sole beneficiary on this policy. Although Burks was separated from Patrice at the time of his death, divorce proceedings were not pending and she was still legally his wife. Further, Burks married Patrice, not once but twice, and she was the mother of one of his children. As such, it is not unreasonable to assume that Burks, at least at some point, would name Patrice as the beneficiary on his life insurance policy.

In the absence of fraud or misrepresentation, Burks' Life Insurance Policy describes his clear intent as to a designated beneficiary. This Court cannot decide what Burks may have wished to do but must follow the plain intentions of his signed instrument. Because Patrice is listed as the sole beneficiary of the Life Insurance Policy and this Court cannot usurp Burks' right to name the beneficiary of his choice, Patrice is therefore entitled to the Life Insurance proceeds.

*Conclusion*

For these reasons, the defendant's Motion to Request Release of Funds is granted. This Court finds that Defendant, Patrice Burks, is entitled to the $27,000 proceeds from William Burks's life insurance policy, less $6,957.81 to American Capital Funding, L.L.C., pursuant to its Irrevocable Assignment, and less $891.93 to Fort Dearborn Life Insurance Company for its costs.