HELEN PRENTISS DICKINSON *vs.* GREAT AMERICAN INDEMNITY COMPANY & others.

Suffolk. November 8, 1935. — January 25, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Insurance*, Motor vehicle liability. *Motor Vehicle*, Operation. *Evidence*, Competency.

A finding that an employee of the owner of a motor truck, while operating it upon a public way solely for his own purposes, was not a "person responsible for the operation of the insured's motor vehicle with his . . . implied consent" within the meaning of a policy of com-

pulsory motor vehicle liability insurance covering the truck, was warranted by evidence that the employee's authority to drive the truck upon the public highway always had been limited to a particular duty or expressly granted for a special occasion, although he was the regular operator of the truck on the owner's grounds and there was no physical impediment to his taking the truck at any time during the day.

An exception to the admission of testimony by a manager of a school that an employee under him did not have authority to do a certain act was overruled, the evidence being competent on an issue of express authority of the employee which still was being tried when the evidence was admitted, although that issue afterwards was abandoned.

BILL IN EQUITY, filed in the Superior Court on August 28, 1934.

The suit was heard by *Sisk*, J., by whose order a final decree was entered dismissing the bill. The plaintiff appealed.

*A. Brayton*, for the plaintiff.

*S. Abrams*, (*N. F. Fermoyle* with him,) for the defendants.

DONAHUE, J. The plaintiff was injured on the afternoon of January 29, 1934, when an automobile in which she was riding on a public highway was hit by an automobile truck, owned by and registered in the name of the Belmont Hill School, and negligently operated at the time by one Plant who was in the employ of the school. The plaintiff recovered a judgment against Plant in an action for damages for personal injuries resulting from the collision.

The automobile truck was insured pursuant to the compulsory motor vehicle liability insurance law (G. L. [Ter. Ed.] c. 90, §§ 34A–34J). This bill in equity was brought to reach and apply, in payment of the plaintiff's judgment against Plant, the obligation of the insurance company under the policy issued to the school. G. L. (Ter. Ed.) c. 214, § 3 (10). The insurance company, the school and Plant are named as defendants.

The case was tried before a judge of the Superior Court. All the facts necessary to entitle the plaintiff to recover were agreed upon except the facts concerning the issue whether Plant was, at the time of the accident, within the meaning of the language of the policy, "responsible for the operation of the insured's motor vehicle with his [the

insured's] express or implied consent." G. L. (Ter. Ed.) c. 90, § 34A. The trial judge made findings of fact including the finding that there was "no evidence that Plant had express consent or instructions from any person in authority to take or use the truck at the time and place of the accident." He also found and ruled that "Plant had no implied permission or consent from any person in authority to take and use the truck on the day of the accident outside of the school grounds." He ordered the entry of a final decree dismissing the bill. All the evidence is reported.

The plaintiff does not now contend that Plant was responsible for the operation of the automobile truck at the time of the accident with the express consent of the insured. Her contention is that the trial judge was wrong in his finding and ruling that Plant on the day of the accident did not have implied permission or consent from any person in authority at the school to take and use the truck outside the school grounds.

At the time of the collision Plant was driving the truck from the school at Belmont to a neighboring town. His purpose was the purchase of a pair of gloves for himself. A fellow employee, who was also on the truck for no reason disclosed by the evidence, was under the influence of intoxicating liquor and Plant had been drinking for several hours before he left the school grounds. There was no evidence that anyone connected with the school knew of his condition or saw him leave with the truck.

Plant had been employed at the school for nearly four years prior to the accident. He was hired to do general outside work on the buildings and grounds and to drive the truck. Included in his duties was the collection of ashes at the buildings of the school and their transportation in the truck to a dump located on the school grounds. This he did about three times a week during the winter. In performing this work he was obliged to drive on the public highway distances varying from two or three hundred feet to about a quarter of a mile, depending on the location of the building from which he took the ashes. It was left to

him to determine when it was necessary to haul the ashes to the dump. In driving the truck on the highway in doing this work he had the permission and consent of the school authorities. During the term of his employment he had driven the truck upon public highways on some other occasions. At times he had used the truck in bringing materials or supplies to the school and in performing errands for persons in authority at the school. He had twice with the knowledge of the insured taken the truck to his own home and kept it over night. There was conflicting evidence as to the circumstances in which he had taken the truck on some of these occasions. There was, however, evidence that the truck in these instances had been used with the express permission or at the direction of persons in authority at the school who had the right to say when and how the truck should be used. We cannot say that the trial judge was wrong in believing the witnesses who so testified and in rejecting the somewhat conflicting testimony of Plant. *Johnson* v. *O'Lalor*, 279 Mass. 10, 13.

The truck was kept on the grounds of the school in a garage which was also used by a teacher who kept his automobile there. The door of the garage was locked each night and unlocked every morning before Plant came to work. He was the regular operator of the truck but a foreman in the employ of the school at times drove it around the grounds. The fact that there was no physical impediment to Plant's taking the truck during the day while the garage was unlocked, had, in the circumstances appearing, no compelling weight in determining whether the insured impliedly consented to his operation of it on the highway for his own personal purpose on the day of the accident. The judge was not obliged to find that an opportunity to take the truck was equivalent to the insured's consent to his using it. On all the evidence the finding was warranted that Plant at the time of the accident was not using the truck with the implied consent of the insured.

The policy provided indemnity and protection against loss only to the insured and to "any person responsible for the operation of the insured's motor vehicle with . . . [its]

express or implied consent." G. L. (Ter. Ed.) c. 90, § 34A. The language of the policy prescribed by the statute should be construed liberally to accomplish the humane purpose of the Legislature to protect travellers on the highway injured by motor vehicles. If an insured owner of an automobile, expressly or by implication, gives his consent to another to take it upon the highway and there operate it, the right of the operator to indemnity from consequent loss exists even though the vehicle be operated in a manner, or by persons, or at times and places not authorized or even if such uses be forbidden by the owner. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 538. *Guzenfield* v. *Liberty Mutual Ins. Co.* 286 Mass. 133. *Boudreau* v. *Maryland Casualty Co.* 287 Mass. 423. *Blair* v. *Travelers Ins. Co.* 288 Mass. 285.

But the language of the policy cannot be construed as including in its indemnity a person who, lacking the express or implied consent of an insured owner thereto, drives the latter's motor vehicle on a public highway. It is not the mere responsibility for the operation of such a motor vehicle on the highway that, under the policy, gives a right of indemnity to the operator. A responsibility for its operation on the highway to which the insured has expressly or impliedly given his consent must exist before such a right of indemnity arises. The words "with his express or implied consent" necessarily "exclude from the indemnity of the policy one who should take and use the motor vehicle without authority or consent" of the owner. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 537. Since on the warranted findings of the judge in the present case Plant did not take the truck upon the highway on the occasion of the accident with the "sanction" of the insured's express or implied consent (*Guzenfield* v. *Liberty Mutual Ins. Co.* 286 Mass. 133, 136), he was not a "person responsible" for the operation of the truck within the meaning of the statute. The plaintiff therefore cannot maintain this suit.

The plaintiff has argued exceptions taken by her to the admission of testimony by the manager of the school and

a foreman in charge of its employees to the effect that Plant did not have the authority or right to take the truck from the school grounds without their permission. They were empowered to direct his work and the use of the truck and it could not have been rightfully taken by him on the highway on the occasion of the accident to the plaintiff without their permission. Although the judge eventually found that there was no express consent given to Plant and no such contention is now made by the plaintiff, it was an issue at the trial and open at the time the testimony to which exception was taken was admitted. We think that the testimony was competent on that issue.

*Decree affirmed.*