KATHERINE GEARIN *vs.* EUGENE WALSH & others.

Middlesex.    December 14, 1937. — December 28, 1937.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Insurance,* Motor vehicle liability.    *Bailment.*

An employee of a corporation, who had authority to use its automobile in connection with its work during its usual business hours, was not "a person responsible for the operation of" the automobile with the owner's "express or implied consent" within the provisions of G. L. (Ter. Ed.) c. 90, § 34A, when, after business hours and contrary to definite instructions of the owner, he took it from a garage on the owner's premises and used it on an errand of his own.

BILL IN EQUITY, filed in the Superior Court on July 27, 1936.

From a final decree entered by order of *Williams,* J., the plaintiff appealed.

*M. E. Viola,* (*M. Singer* with him,) for the plaintiff.
*D. B. Killam,* for the defendants.

Cox, J.   This is a bill in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), and G. L. (Ter. Ed.) c. 175, §§ 112, 113, by a judgment creditor of the defendant Walsh to reach and apply the alleged obligation of the defendant Maryland Casualty Company, hereinafter called the insurer, under a motor vehicle liability insurance policy (G. L. [Ter. Ed.] c. 90, § 34A) issued to the remaining defendant, The Roman Catholic Archbishop of Boston, a corporation sole, hereinafter called the insured.   A "transcript of the testimony"

appears in the record which is attested by the clerk, although there is nothing to show that there was compliance with Rule 76 of the Superior Court (1932). *Abeloff* v. *Peacard*, 272 Mass. 56. *Ansara* v. *Regan*, 276 Mass. 586, 591. *Bowles* v. *Comstock*, 286 Mass. 159, 162. *Comstock* v. *Bowles*, 295 Mass. 250, 261, 262. We need not consider whether the testimony is properly before us, for the result would be the same with or without the testimony. This is not intended as any intimation that the rule should not carefully be observed.

The plaintiff recovered judgment against Walsh in an action of tort arising out of an automobile accident, in which one automobile involved was driven by Walsh, was owned by the insured, and was insured by the insurer. At the trial of the present suit it was agreed that the only issue for the court was whether Walsh, at the time of the accident, was a person responsible for the operation of the insured's automobile with its express or implied consent. The judge found that on the night of the accident, December 23, 1935, Walsh took the car without authority or permission from the place where he was employed, and while on an errand of his own became involved in an accident, and that the plaintiff was not entitled to prevail against the insurer. An interlocutory decree that the bill be taken for confessed against Walsh and a final decree establishing his debt to the plaintiff and dismissing the bill as to the other defendants were entered. The plaintiff appealed from the final decree.

Walsh had been employed for some twenty years by the insured at its cemetery in Malden. In December, 1935, while a foreman was ill, Walsh did his work and during that time he drove the automobile involved in connection with the work of the cemetery. He had never used or driven it before. The automobile was kept in a garage which was located inside the cemetery yard. During December, 1935, all work at the cemetery ceased at four thirty o'clock in the afternoon, at which time all its vehicular traffic gates were closed and locked. While Walsh was doing the foreman's work he had a key common to the garage and gates. On the day of the accident, Walsh finished his work at the

cemetery at four thirty and had no occasion to go back there again that day on any business of the insured. His home was about one hundred feet from the cemetery. After supper, he took a bus to Malden Square to do some shopping on his own account. Upon his return to his home at about nine thirty, he found that he had forgotten some things which he had intended to get and which required another trip to Malden. He went to the cemetery, no one else being there, and took the automobile involved for the purpose of returning to Malden for the things he had forgotten. The accident occurred while he was on his way back to the cemetery.

The plaintiff states in her brief: "There is nothing to show that the owner authorized or contemplated its [the automobile's] removal from the garage after working hours. Instead there were definite instructions to the contrary," but she asserts: "But Eugene Walsh had authority to use the car at certain times and places, and he thus became responsible for the operation of the insured's motor vehicle with express or implied consent of the owner." She contends that inasmuch as Walsh, as an employee, used the automobile in the business of the insured, subject to its orders and directions, the taking and operation of it on the night in question, in the circumstances disclosed, amounted to a mere disobedience of orders which should be construed as an operation of it by him with the consent of the owner. To this we cannot subscribe.

The suit is governed by the decision in *Dickinson v. Great American Indemnity Co.* 296 Mass. 368, and is distinguishable from *Buckley* v. *Aetna Life Ins. Co.* 297 Mass. 395.

*Decree affirmed with costs.*