188 So. 688

### MARYLAND CASUALTY CO. v. MATTHEWS.

### 4 Div. 83.

Supreme Court of Alabama.

May 4, 1939.

Wilkerson & Brannen, of Troy, for appellant.

Walters & Walters, of Troy, for appellee.

nection with the named insured's business occupation as expressed in Item 1. (c) Use of the automobile for the purposes stated includes the loading and unloading thereof.

Item 1 of the Declarations is as follows: "Name of insured Capital City Beverage Company. Address, Montgomery, Alabama. * * * The occupation of the named insured is Distributors of Brewer's Products."

Paragraph 4 of the policy, under the head of "Insuring Agreements" provides: "Definition of 'Insured.'—The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial,' each as defined herein, and provided further that the actual use is with the permission of the named insured."

Paragraph 5 reads: "Policy Period, Territory, Purposes of Use. This policy applies only to accidents which occur during the policy period, while the automobile is within the United States in North America (exclusive of Alaska) or the Dominion of Canada, or while on a coast wise vessel between ports within said territory, and is owned, maintained and used for the purposes stated as applicable thereto in the declaration."

KNIGHT, Justice.

The defendant—appellant here—is a corporation engaged in the business of writing liability insurance on automobiles, including truck type vehicles, and on May 27, 1937, executed and delivered to Paul Daniel, doing business as the Capital City Beverage Company, a policy of 'liability insurance. The policy covered certain designated trucks, to be used for commercial purposes. The third clause of the declarations in the policy contained the following provisions: "The purposes for which the automobile is to be used are commercial."

(a) The term "pleasure and business" is defined as personal, pleasure, family and business use. (b) The term "commercial" is defined as the transportation or delivery of goods, merchandise or other materials, and uses incidental thereto, in direct con-

The appellee, Dink Matthews, brought suit to recover damages for personal injuries received by him as a result of being run over, on, or against by one of the trucks of the insured, Paul Daniel, which truck was one of the number covered by the said policy of insurance, and was at the time operated by Alfonso Glenn. The law action was against both the said Paul Daniel, the insured under said policy, and the said Alfonso Glenn. The plaintiff in the law action secured a judgment by default against the said Glenn for the sum of $200, which has not been paid. It does not appear that any judgment has been obtained against the said Paul Daniel, or just what has been the result of the suit against him.

Upon the theory that the said Alfonso Glenn, in the operation of the offending

truck was an insured under the "omnibus coverage" clause of the policy, and as such was entitled to the protection afforded by the policy to the named insured, Paul Daniel, the present bill was filed to enforce the payment of the judgment secured by appellee against the said Glenn. Of course, if in the operation of the truck at the time of the injury of appellee, the said Glenn was an additional insured, as provided for in paragraph 4 of the policy, as above set out, then the complainant would be entitled to the relief prayed for in his bill. But if the said Glenn was not an additional insured, as provided in said policy, the complainant is not entitled to relief.

In his bill the complainant makes the following specific averments:

"Your orator alleges that the said Alfonso Glenn was an insured under the terms of said policy either as

"(a) an agent, servant, or employee of the said Paul Daniels and acting within the line and scope of his agency in the management of the said truck at the time of the accident using the same with the permission of the said Paul Daniel for commercial purposes as defined in the policy.

"(b) that the said Alfonso Glenn at the time of the said accident in the management of the said truck was operating the same with the permission of the said Paul Daniel for uses incidental to the transportation or delivery of goods, merchandise, or other materials in direct connection with the said Paul Daniel's business occupation as expressed in item 1 of the said policy.

"(c) the said Alfonso Glenn at the time of the said accident in the management of the said truck was using the same with the permission of the said Paul Daniel either expressed or implied for uses incidental to the transportation of goods or other materials in direct connection with the named insured's business occupation."

The trial court reached the conclusion from the evidence that the said Alfonso Glenn was operating the truck, at the time complainant received his injuries, under such conditions and circumstances as to constitute him "an additional insured" under the terms of the policy, and that complainant was entitled to the relief prayed for.

So, then, in the language of the appellant's brief, "the only question to be here decided is whether Alfonso Glenn was 'an additional insured' under the terms of the policy of insurance" at the time he negligently caused or allowed the truck to run against and injure the complainant?

The evidence in this case is not without some conflict, due to the testimony in one or two particulars of Alfonso Glenn, who was called to testify on behalf of complainant.

We have carefully read and considered all the testimony in the case, and have been forced by the overwhelming weight of the same to a different conclusion from that of the trial judge.

In our opinion the evidence establishes beyond any sort of doubt the following facts:

That at the time of the accident the policy issued by appellant to Paul Daniel, under the name of the Capital City Beverage Company, was in force and effect in all of its provisions; that the named insured Paul Daniel, on September 23, 1937, was engaged in business in Troy, Alabama, under the name of the Capital City Beverage Company; that his business was the distribution of Brewer's products; that he maintained a warehouse in Troy for the storage of his goods, and kept two trucks for the delivery of beer to his customers. He had two salesmen in charge of his warehouse and the sale and delivery of his goods, viz: E. B. Wilson and Charles Rhodes. Each of these salesmen drove one of the trucks, and each had a helper (employed by the named insured). Will Ligon and the said Alfonso Glenn were the helpers. These helpers assisted the salesmen in driving, loading and unloading the trucks. The evidence showed that each of the salesmen had permission of Mr. Daniel, the insured, to use the trucks on occasions for their individual and private purposes; that on the night of September 23, 1937, Mr. Wilson, one of the salesmen, instructed Will Ligon to take one of the trucks and go for, and bring back his laundry. This laundry was at Will Ligon's house, which was some distance from the warehouse. Pursuant to these instructions, the said Ligon drove the truck to his home, and parked it, and then went into the house to get the laundry. The evidence shows beyond doubt that Alfonso Glenn, without instructions

from any one, and wholly acting upon his own volition, got into the truck, and rode to Will Ligon's house, and after the latter had stopped and parked the truck on the side of the road, and had gone into his house, he, Glenn, without permission from any one, drove the truck up the street toward the city, then turned it around, and on return to Ligon's house allowed the truck to run upon the side of the street, and inflict personal injuries upon the complainant and two others.

Glenn testified that Ligon stopped the truck in a ditch, and that he, Glenn, told him that he was going to get the truck out of the ditch, and that Ligon told him to get it out, "and hurry back." All of this was denied by Ligon, and it further appears that there was no real ditch there. We are not at all impressed with the truthfulness of the statements of said Glenn. On the contrary, we are convinced that Ligon did not tell him to move the truck. Furthermore, we are fully persuaded that Glenn has been from the commencement of these proceedings in collusion with the complainant.

Our conclusion is that the evidence wholly fails to support the averments of the bill, and that the trial court committed error in the decree rendered; and further, that under the evidence the bill should have been dismissed.

Accordingly, a decree will be here entered reversing the cause, and denying relief to complainant, and dismissing the bill.

We have not overlooked in the consideration of this case our holding in Hill v. Ocean Accident & Guarantee Corp., 230 Ala. 590, 162 So. 376. In our opinion the facts in the present case differentiate it from the last mentioned case. We, therefore, prefer to place our holding in this case upon our conclusion on the evidence that Glenn, at the time he negligently did the act resulting in complainant's injury and damage, was not an agent of the insured, nor acting for him, but was a mere officious volunteer, and intermeddler, acting without request or suggestion from anyone. In such circumstances it cannot be held that the said Glenn was an additional insured under the terms of said policy.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.