Walters & Walters, of Troy, for petitioner.

**438**

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

GARDNER, Justice.

Petitioner was convicted of a violation of section 5004, Code of 1923, having confessedly sold some five hundred · pounds of seed cotton of the crop of 1936, which he had mortgaged to the administrator of the Resettlement Administration, a federal agency. The consent to the sale by the lawful holder of the mortgage is a defense. The county supervisor of the Resettlement Administration, who took this mortgage, stated he gave no consent for the sale of the cotton, though he admitted having such authority. Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502.

Defendant offered to show such authorization by the county supervisor in the presence of witnesses, and by way of impeachment.

The holding was that the matter was wholly immaterial, and such proof denied admission. The trial court's instruction to the jury that an agent of the Government could not give such consent was approved as correct by the Court of Appeals.

As we understand the ruling it is that, notwithstanding the county supervisor's statement to the contrary, he had no such authority as a matter of law. For the origin of this loan agency of the Government, we look to section 1148, Title 12, U.S.C.A., which provides for the management of such corporation "by officers and agents to be appointed by the Farm Credit Administration under such rules and regulations as it may prescribe."

The Court of Appeals is of the opinion that judicial notice is to be taken of all such rules and regulations. We need not stop to inquire to what extent such judicial notice is to be carried. See, 20 Amer. Jur. 68, and Cook v. Donner, 145 Kan. 674, 66 P.2d 587, 110 A.L.R. 244, and note.

While the corporation was organized for a beneficent purpose, and is a governmental agency (110 A.L.R. 252), yet the matter of the loan of money partakes of . the characteristics of private enterprises (65 Corpus Juris 1298), and we know of no law or rule which inhibits the application of the fundamental maxim of agency, whatever a man may do for himself, he may do through an agent. 2 Corpus Juris 431.

It is here insisted by the State there was made an administrative order under which a certain form is to be used before property is to be sold, and that this form is issued by the district supervisor, and not the county supervisor.

But conceding for the moment the correctness of this insistence, yet it does not follow that the authority could not be delegated to the county supervisor, who takes the mortgage and looks after its collection. It is this official whom the borrower knows and with whom he comes in direct contact. And it may well be surmised that this form order is issued to the district supervisor as a mere matter of convenience. We are cited to no authority which holds that as a matter of law the county supervisor could not be given such authority as he here claimed to possess, and whose consent for the sale defendant offered to show. We find ourselves not in accord with the Court of Appeals in the approval of the trial court's statement of the law, nor as to the ruling on the evidence.

It results that the writ is awarded, and the judgment of affirmance reversed and the cause remanded to the Court of Appeals.

Writ awarded. Reversed and remanded.

ANDERSON, C. J., and THOMAS, BOULDIN, BROWN, and FOSTER, JJ., concur.

KNIGHT, J., not sitting.