## JOHNSON v. MARYLAND CASUALTY CO.
### No. 25 Civ.

District Court, W. D. Wisconsin.

Oct. 9, 1940.

L. R. McPherson, John C. Fritschler (of Hanitch, Johnson, Fritschler & Barstow), all of Superior, Wis., for plaintiff.

Donald A. Rock, of Superior, Wis. (J. R. Zuger, of Duluth, Minn., of counsel), for defendant.

STONE, District Judge.

· On March 21, 1939, plaintiff sustained personal injuries as the result of a collision between his automobile and an automobile owned by Swift & Company and then operated by John Wirth, its salesman. The plaintiff thereafter commenced an action against Swift & Company and John Wirth to recover damages he suffered in the collision, and obtained judgment in the Circuit Court of Douglas County, Wisconsin, for $5,278 against John Wirth. The action was dismissed on the merits as against Swift & Company. In an effort to collect the amount due on the judgment, the plaintiff commenced this action against the Maryland Casualty Company, which had issued its policy of automobile liability insurance to Swift & Company covering the automobile involved in the accident.

The parties hereto have stipulated as follows:

"The parties to this action hereby stipulate that the following stated facts are correct and may be considered by the Court in its disposition of the motions of the Plaintiff and Defendant for judgment:

"1. That the policy on which suit is brought is as pleaded in the Defendant's answer. This policy is a blanket policy and covers all automobiles owned by Swift & Company in the various states. The policy was executed in the State of Illinois.

"2. That Swift & Company maintain a branch office in the City of Duluth in the State of Minnesota and from that branch carry on business in the northern part of the State of Minnesota and in the City of Superior, Wisconsin.

"3. That in connection with the operation of the branch office in Duluth, Swift & Company own and operate a number of automobiles which are garaged in the City of Duluth.

"4. That the automobile involved in the accident of March 21, 1939 was one of the

automobiles owned by Swift & Company and covered by the insurance policy heretofore described; that when the policy was written, the car involved in the accident was garaged in Duluth, Minnesota, and was customarily used in the City of Duluth in the State of Minnesota and in the City of Superior in the State of Wisconsin by one John Wirth, who was employed by Swift & Company as salesman and collector.

"5. That John Wirth on the date of the accident, March 21, 1939, was in the employ of Swift & Company and in the forenoon and afternoon up until 5 o'clock used the automobile involved in the accident in the course of his employment with the permission of Swift & Company, which was given to him at the branch office in Duluth, Minnesota; that Wirth's instructions from Swift & Company were to the effect that at the close of the working day about 5 o'clock P. M. he was to stop soliciting business or collecting accounts and return the automobile to the garage in the City of Duluth in the State of Minnesota.

"6. That on March 21, 1939 at about 5 o'clock when Wirth had completed his day's work, he did not return the car to the garage in Duluth, but in violation of instructions retained possession of the car in the City of Superior; that after making his last collection he took several drinks of beer in a tavern in the City of Superior in violation of the instructions of Swift & Company forbidding employees while in the possession of a Company automobile to drink intoxicating liquor; that while in the tavern he met a lady friend and invited her to have dinner at Dreamland, a tavern located some five miles south of the City limits of the City of Superior and in the opposite direction from the City of Duluth; that Wirth had been instructed not to carry any passengers in the car and had been further instructed that the car was to be used only in the business of Swift & Company and under no circumstances upon his own personal business.

"7. That while on the way to Dreamland at a point some two to three miles beyond the city limits of the City of Superior, at 7 o'clock P. M., the accident out of which this action arose occurred; that the journey after 5 o'clock was wholly on Wirth's own business and pleasure and not on any business of Swift & Company; that the fact that he was violating his employer's instructions was not known to Swift & Company nor consented to by it; that Swift & Company had they known the fact would not have consented to Wirth making the trip in question.

"Dated September 23rd, 1940."

The question before the Court is whether or not the automobile liability policy issued by the defendant to Swift & Company covered the liability of John Wirth to the plaintiff arising out of the collision.

The provision of the policy in question here and which is the omnibus coverage clause granting an extended coverage to others than the named insured is as follows: "The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial', each as defined herein, and provided further that the actual use is with the permission of the named insured. * * *"

Another provision of the policy material to a determination of the issues herein reads as follows:

"4. PERMISSION. It is understood and agreed that should any automobile be used without authority or permission of an authorized agent of the Insured and become involved in an accident or claim, such use shall not in any way be used by the Company as an avoidance of liability to or in prejudice of the rights of the Insured."

It is clear and undisputed that the named assured did not give its permission to its employee, Wirth, to use the automobile for the purpose he was using it at the time of the collision—in fact, he had been actually forbidden to so use it. There being no permission for the actual use, there was no coverage extended by the terms of the policy to Wirth. The deviated use in this instance cannot be said to be with the permission of the named assured, and no liability exists on the part of the defendant to the plaintiff under the terms of the policy defendant issued to Swift & Company. Actual use means the use to which the automobile is being put at the time of the collision with the permission of the named insured. It can mean nothing else. Caldwell v. Standard Accident Insurance Co., 6 Cir., 98 F.2d 364; American

Casualty Co. v. Windham, D.C., 26 F.Supp. 261; Columbia Casualty Co. v. Lyle, 5 Cir., 81 F.2d 281; Laroche v. Farm Bureau Mutual Automobile Insurance Co., 335 Pa. 478, 7 A.2d 361.

The paragraph of the policy relating to permission can only serve to protect Swift & Company from liability, and not one of its employees who violates the company's instructions and uses the car after working hours without its permission for his personal but strictly forbidden purpose.

The motion of the defendant to dismiss plaintiff's complaint on the merits is granted, without costs.

To all of which the plaintiff may have an exception.

Let judgment be entered accordingly.