200 So. 551

### DANIEL v. JONES.

### 4 Div. 192.

Supreme Court of Alabama.

Feb. 20, 1941.

Wilkerson & Brannen, of Troy, for appellant.

John C. Walters, of Troy, for appellee.

THOMAS, Justice.

This case is identical with two other cases presently before this court for decision. Paul Daniel v. Henry Carter, 200 So. 554, and Paul Daniel v. Dink Matthews, 200 So. 554.

The assignment of errors challenges the specific portions of the oral charge of the court, the refusal to give written charges requested by defendant and refusal of the general affirmative charge duly requested.

The negligence of the driver of the damaging and colliding truck is admitted, but the defense is set up that the driver was not on duty, within the line and scope of his employment, at the time and place when the damages were caused. Maryland Casualty Co. v. Matthews, 237 Ala. 650, 188 So. 688, 689. In that case the circuit court sitting in equity was passing on the facts of the case and was not governed by the same rules that obtain as when a case is presented to the jury passing on facts. In the case above cited the omnibus clause of an insurance contract, under given evidence, was being interpreted. Its effect was to establish and enforce liability of the insurance company, and in passing on the effect of the evidence, Mr. Justice Knight said:

"The evidence showed that each of the salesmen had permission of Mr. Daniel, the insured, to use the trucks on occasions for their individual and private purposes; that on the night of September 23, 1937, Mr. Wilson, one of the salesmen, instructed Will Ligon to take one of the trucks and go for, and bring back his laundry. This laundry was at Will Ligon's house, which was some distance from the warehouse. Pursuant to these instructions, the said Ligon drove the truck to his home, and parked it, and then went into the house to get the laundry. The evidence shows beyond doubt that Alfonso Glenn, without instructions from any one, and wholly acting upon his own volition, got into the truck, and rode to Will Ligon's house, and after the latter had stopped and parked the truck on the side of the road and had gone into his house, he, Glenn, without permission from any one, drove the truck up the street toward the city, then turned it around, and on return to Ligon's house allowed the truck to run upon the side of the street, and inflict personal injuries upon the complainant and two others. * * *

"Our conclusion is that the evidence wholly fails to support the averments of the bill, and that the trial court committed error in the decree rendered; and further, that under the evidence the bill should have been dismissed."

The records of the two cases have been examined, and it is apparent that there is a material difference presented on this and the former trial. In this record, it is shown that the truck and its driver were about and in the master's business, and that the driver was acting within the line of his employment and as directed by the master's general agent in charge of said business at the time, and that the duties of the driver were being discharged when the collision occurred. This evidence, among other things, on the point is:

"Q. Now that afternoon, or whenever this thing happened, what were you doing down on Academy Street at that time? A. Mr. Wilson sent us down there after some laundry as we have been doing for him and to get some empty beer bottles from East side.

"Q. Mr. Wilson sent you down there after some laundry and to get some empty beer bottles from East Side? A. Yes, sir.

"Q. You say you went down there to get some empty beer bottles and the laundry on the same trip? A. Yes, sir.

"Q. Did you get any beer bottles? A. No, sir; they didn't have none.

"Q. They didn't have none. A. No, sir.

"Q. But you stopped there to get them. A. Yes, sir.

"Q. And after you stopped to get them you rode down the street and that was when you hit these boys. A. Yes, sir. * * *"

This presents a different phase of evidence from that adduced on the former trial, which was in the equity court and without a jury, and presents specific and different and direct evidence. In the other trial the evidence was that the driver and truck went to get the general agent's laundry and "to check up" without any explanation of which were the duties being performed and for whom the check up was being made.

The terms "pick up" and "check up" in the evidence in the former case were not explained to the court and that was not ruled by the scintilla of evidence that prevails at a jury trial. Here the driver and the witness Ligon explained these material business phrases which are so well understood by the witness but not by the court. The office of "checking up" and "picking up" empties was an important duty in the discharge of defendant's business which affect the charge and credit accounts. This was not explained in the former record and was, therefore, meaningless to a court in judging as a jury has to do in this case. Under this evidence it was for the jury to say whether Glenn had permission to take the truck from Ligon's house up the street and returning the same way in the discharge of "picking up" and "checking up" empty bottles due to be returned by the purchaser to the defendant conducting that business.

The court did not err in refusing the general affirmative charge. There were adverse tendencies in the evidence and, therefore, said charge was properly refused. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Craft v. Koonce et al., 237 Ala. 552, 187 So. 730; Koonce v. Craft, 234 Ala. 278, 174 So. 478.

In Craft v. Koonce et al., 237 Ala. 552, 554, 555, 187 So. 730, 731, this court said:

"Was the affirmative charge improperly given for defendants? In this connection it is appropriate to refer to our principle that when the automobile, which is involved in an accident, is shown to belong to defendants at the time it was being operated, the law will raise an administrative presumption that the person who was then operating it was doing so as the agent of defendants, and in the line and scope of his authority. * * *

"When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption to which we have referred, he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority. And if defendant makes that proof and it is not contradicted, either expressly or inferentially, defendant is entitled to the affirmative charge. But if there is any evidence which reflects upon the credibility of that evidence by defendant on that question, or from which an inference may be drawn to a different result, whether such evidence was produced by defendant or plaintiff, the question of whether the operator of the car was defendant's agent acting in the line and scope of his authority should be submitted to the jury."

To the same effect was Slaughter v. Murphy, 239 Ala. 260, 194 So. 649; Dortch Baking Co. et al. v. Schoel, 239 Ala. 266,

194 So. 807; International Harvester Co. v. Williams, 222 Ala. 589, 133 So. 270.

There were exceptions to portions of the oral charge which we designate as A and B and which the reporter will set out.

The driver Alfonso Glenn had the authority of Mr. Wilson, the general agent of Mr. Daniel, the defendant, to use the truck at the time in question. Therefore, the principal, Mr. Daniel, was bound thereby to the same extent as if he had given the instruction or permission to the driver at the time and place in question. Allen v. State, 238 Ala. 437, 191 So. 809; Protective Life Ins. Co. v. Green, 226 Ala. 512, 147 So. 442; South Carolina Cotton Growers' Co-op. Ass'n v. Weil, 220 Ala. 568, 574, 126 So. 637; Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307; Southern States Fire Ins. Co. of Birmingham v. Kronenberg, 199 Ala. 164, 170, 171, 74 So. 63.

The oral charge of the court, to which exception was reserved, was infected with reversible error. Since the defendant brought out the fact as to Wilson and Rhodes being general agents as to matters in their charge, the court had the authority to sum up the evidence in the oral charge. Section 9507 of the Code of 1923 declares that: "The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

In compliance with this section of the code, the court stated the respective theories of the parties, and the charge, considered as a whole, fairly and substantially states the law applicable to all the issues (St. Louis & S. F. R. Co. v. Dennis, 212 Ala. 590, 103 So. 894), except there was reversible error in giving the portions of the oral charge which we designate as "A" and "B", to which exceptions were reserved. The negligence declared on was that of appellant's agent Glenn and not that of Wilson for entrusting to a third person the instrumentality in question. Harris v. Bell, 234 Ala. 679, 176 So. 469.

It results that the judgment of the circuit court is not free from error, and the same is reversed and remanded.

Reversed and remanded.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.