## DANIEL W. HOOPER v. MARYLAND CASUALTY COMPANY.

(Filed 2 February, 1951.)

**1. Insurance § 43d—**

The extended coverage of a liability policy to persons operating vehicles owned by the named insured provided such use is with the permission of the named insured, operates regardless of whether such permission be expressed or implied, but in either case such permission must be predicated upon the language or conduct of the named insured or someone having authority to bind him in that respect.

**2. Same—**

Whether an employee operating the truck of the named insured has expressed or implied permission from the insured for that particular trip, perforce cannot be established by the acts or declarations of the employee.

**3. Same—Evidence held insufficient to establish liability under extended coverage clause.**

Evidence tending to show merely that insured's employee had driven plaintiff to the home of plaintiff's sister and that the accident in suit occurred after they had left the house of plaintiff's sister and were traveling on a road which was not on the direct nor customary route of travel between the points the employee was authorized to drive the truck in the usual performance of his duties, without evidence of implied permission to the employee to use the truck for personal purposes, *is held* insufficient to be submitted to the jury on the question of insurer's liability under the clause of the policy extending coverage to the operation of the vehicle by persons with the permission of the named insured.

**4. Same—**

Testimony of a passenger in a truck that at the time in question he and the employee-driver had started to the employer's plant to load the truck with brick, *is held* simply a statement of mental intent, and is without probative value as to the state of mind of the employee.

**5. Evidence § 27 ½—**

While a person may testify as to the intent with which he performs a particular act, no one else can have any personal knowledge in respect thereto, and therefore testimony of another as to such person's intent is without probative force.

**6. Insurance § 43d—**

In order to show that an employee has implied permission from insured to use insured's truck for personal purposes, there must be some evidence

that the employee had theretofore used the truck for personal purposes or that on the occasion in question the employer knew he was so using it.

**7. Appeal and Error § 3—**

Defendant has no right of appeal from a judgment which is entirely in its favor.

APPEAL by plaintiff from *Clement, J.,* at the May Term, 1950, of FORSYTH.

Civil action by plaintiff against an automobile liability insurer to subject an automobile liability policy to the satisfaction of a judgment for personal injuries recovered by the plaintiff against the employee of the insured.

The facts stated in the next six paragraphs are not in dispute:

The Pine Hall Brick and Pipe Company, a dealer in bricks, maintains a sales office and storage yard at Winston-Salem in Forsyth County, and a manufacturing plant at Pine Hall in Stokes County. The distance between these places is about twenty-five miles. They are connected by an excellent hard-surfaced highway, which runs northeastwardly from Winston-Salem *via* Walkertown to Pine Hall. The first part of the highway, *i.e.,* the seven miles stretch between Winston-Salem and Walkertown, consists of two widely separated alternate routes, one called "old 311" and the other "new 311," which come together and merge at or near Walkertown. These alternate routes are connected at some point near Winston-Salem by a narrow, unpaved, and winding road, at least a mile in length, known as the Whitfield Road.

In February, 1947, the Pine Hall Brick and Pipe Company owned several trucks, which it used to haul bricks from its manufacturing plant in Pine Hall to its storage yard at Winston-Salem, and to transport bricks from both of these places to its customers. One of these motor vehicles, to wit, a 1946 Chevrolet truck, was covered by a policy of automobile liability insurance which the defendant, Maryland Casualty Company, had issued to the Pine Hall Brick and Pipe Company as the named insured, and which contained an omnibus or extended coverage clause in these words: "The unqualified word 'insured' wherever used includes not only the named insured but also any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, Provided the actual use is with the permission of the named insured, and also any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured."

Robert H. Glenn was employed by the Pine Hall Brick and Pipe Company as the regular driver of the Chevrolet truck, which he was allowed to keep at his home in Winston-Salem during the work-week to facilitate

his going to work. He "was given permission to take the truck to his
home on the night before the accident . . . for his convenience in making
an early start to get a load of brick at Pine Hall the next morning."

At sometime between 4:00 and 4:30 o'clock on the morning of 15 Feb-
ruary, 1947, Glenn was driving the Chevrolet truck, which was empty,
along the Whitfield Road. The plaintiff was riding with him. Glenn
suddenly lost control of the truck and ran off the road, inflicting disabling
and lasting personal injuries upon the plaintiff.

On 9 December, 1947, the plaintiff sued the Pine Hall Brick and Pipe
Company and Glenn for damages for his personal injuries. He failed
to prove that Glenn was acting within the course and scope of his employ-
ment at the time of the accident, and as a consequence the Pine Hall
Brick and Pipe Company was dismissed from the action upon a com-
pulsory nonsuit under G.S. 1-183. But the plaintiff recovered judgment
against Glenn for $15,000.00. Execution was issued thereon, and was
returned unsatisfied. Glenn is insolvent, and the judgment cannot be
collected from him.

On 11 February, 1950, the plaintiff brought this action against the
defendant upon the automobile liability policy issued by the defendant
to the Pine Hall Brick and Pipe Company, covering the Chevrolet truck
which was being operated by Glenn on the occasion of the injury to the
plaintiff. The complaint alleges that at the time of the accident the
actual use of the Chevrolet truck by Glenn was with the permission of
the Pine Hall Brick and Pipe Company within the purview of the
omnibus or extended coverage clause of the policy, and that by reason
thereof the defendant is obligated to pay the judgment recovered by
plaintiff against Glenn in the former action. The answer denies the
material allegations of the complaint, and pleads certain defenses not
presently germane.

The plaintiff was the only witness called to the stand at the trial.
After presenting documentary evidence of the uncontroverted facts set
forth above, he testified in substance as follows: That the plaintiff, an
insurance collector, was a near neighbor of Glenn in Winston-Salem; that
Glenn drove the Chevrolet truck to the plaintiff's residence in Winston-
Salem "around 4:00 o'clock A. M. on February 15, 1947"; that the plain-
tiff seated himself in the truck, and rode with Glenn *via* "new highway
311" and Whitfield Road to the home of the plaintiff's sister on Whitfield
Road, where they stopped and visited for about fifteen minutes; that they
then re-entered the truck, and proceeded along Whitfield Road towards
"old highway 311" with Glenn driving; and that the accident occurred
when the truck had reached a point on Whitfield Road a quarter of a
mile from the home of the plaintiff's sister.

The plaintiff was permitted by the court to testify over the objection and exception of the defendant that he and Glenn had "started to Pine Hall to load the truck with brick."

The plaintiff offered to testify to extra-judicial statements of Glenn, indicating that Glenn had solicited the plaintiff to accompany him to Pine Hall and to assist him in loading the Chevrolet with bricks, and had promised to pay the plaintiff for so doing. The proposed testimony was rejected by the court upon objection of the defendant, and the plaintiff reserved exceptions to its exclusion.

The action was dismissed upon a compulsory judgment of nonsuit under G.S. 1-183 after the plaintiff had introduced his evidence and rested his case, and both the plaintiff and the defendant appealed. The plaintiff assigns as errors the exclusion of the extra-judicial statements of Glenn and the entry of the nonsuit, and the defendant assigns as error the admission of the testimony of the plaintiff that he and Glenn had "started to Pine Hall to load the truck with bricks."

*Higgins & McMichael for plaintiff, appellant and appellee.*
*Deal & Hutchins for defendant, appellant and appellee.*

ERVIN, J. Omnibus or extended coverage clauses in policies of automobile liability insurance have provoked much litigation in other jurisdictions in cases where employees were driving motor vehicles belonging to their employers. Annotation: 5 A.L.R. (2d) 600-668. But diligent research by counsel and the Court fails to uncover any North Carolina decision directly pertinent to the problems posed by the plaintiff's appeal. Since the present record makes these problems so fundamentally factual in nature, however, there is no occasion at this time for us to choose between the differing constructions put upon such clauses by other courts, or to mark out for ourselves the precise legal boundaries of the clause embodied in the policy in suit. We even refrain from voicing any preference between the exact meaning accorded by some courts to the specific requirement that "the *actual use* is with the permission of the named insured" (*Johnson v. Maryland Casualty Co.*, 34 F. Supp. 870, reversed on other grounds in 125 F. 2d 337; *Gulla v. Reynolds*, 82 Ohio App. 243, 81 N.E. 2d 406, affirmed in 151 Ohio St. 147, 85 N.E. 2d 116; *Brown v. Kennedy*, 141 Ohio St. 457, 48 N.E. 2d 857; *Laroche v. Farm Bureau Mut. Automobile Ins. Co.*, 335 Pa. 478, 7 A. 2d 361; *Conrad v. Duffin*, 158 Pa. Super. 305, 44 A. 2d 770; *Troiano v. Cook*, Pa. Com. Pl., 20 Lehigh Leg. J. 159), and the indefinite sense assigned by other tribunals to that requirement (*Vezolles v. Home Indemnity Co., New York*, 38 F. Supp. 455, affirmed in 172 F. 2d 116; *Stanley v. Cryer Drilling*, 213 La. 980, 36 So. 2d 9; *Donovan v. Standard Oil Co. of Louisiana* (La.

App.), 197 So. 320; *Farnet v. DeCuers* (La. App.), 195 So. 797; *Haeuser v. Aetna Casualty & Surety Co.* (La. App.), 187 So. 684.

The major question raised by the plaintiff's appeal is whether the plaintiff produced sufficient evidence at the trial to warrant a finding by a jury that the employee, Glenn, was operating the Chevrolet truck at the time of the accident with the permission of the employer and named insured, the Pine Hall Brick and Pipe Company. The minor question relates to the admissibility of the extra-judicial statements of Glenn to the plaintiff.

The permission which puts the omnibus or extended coverage clause of the policy into operation may be either express or implied. *Hodges v. Ocean Accident & Guarantee Corporation,* 66 Ga. App. 431, 18 S.E. 2d 28. But whether the permission be expressly granted or impliedly conferred, it must originate in the language or the conduct of the named insured or of someone having authority to bind him in that respect. *Fox v. Employers' Liability Assurance Corporation, Limited, of London, England,* 243 App. Div. 325, 276 N.Y.S. 917, affirmed in 267 N.Y. 607, 196 N.E. 604; *Hunter v. Western and Southern Indemnity Co.,* 19 Tenn. App. 589, 92 S.W. 2d 878; *Locke v. General Accident Fire & Life Assurance Corporation, Limited, of Perth, Scotland,* 227 Wis. 489, 279 N.W. 55; *Brochu v. Taylor,* 223 Wis. 90, 269 N.W. 711.

The answer to the minor question presented by the plaintiff's appeal is to be found in this principle. Glenn could not define or enlarge the scope of his permitted use of his employer's truck by anything said or done by him without the knowledge of his employer, or its proper representatives. In consequence, the trial judge rightly rejected the extra-judicial statements of Glenn to the plaintiff. The proffered testimony had no relevancy to the issue of whether Glenn was using the truck at the time of the plaintiff's injury with the permission of the Pine Hall Brick and Pipe Company. In the very nature of things, that issue had to be determined from evidence of the words of those having authority to grant permission for the Pine Hall Brick and Pipe Company, or from evidence of dealings between the Pine Hall Brick and Pipe Company and Glenn.

In passing on the sufficiency of the plaintiff's evidence to carry the case to the jury, we are confronted by the paradoxical circumstance that such evidence is more significant for the things it conceals than it is for the things it reveals. It does not indicate that Glenn had authority to carry others in his employer's truck, or to engage others to labor for his employer, or to delegate to others tasks he was obligated to perform for his employer. It commits to pure speculation these important matters: What hours did the Pine Hall Brick and Pipe Company observe in the conduct of its business? What working hours did it assign to Glenn?

Was Glenn required by the terms of his employment to begin his day's work "around four o'clock in the morning"?

The Pine Hall Brick and Pipe Company gave Glenn express permission to use its truck in its business. The plaintiff asserts that Glenn was en route to the manufacturing plant of his employer at Pine Hall for a load of bricks at the time of the accident, and as a consequence was then acting within the scope of this express permission. When all is said, the testimony respecting the use of the truck at the time in controversy comes simply to this: That Glenn, the regular driver of the named insured, and the plaintiff, an insurance collector, were near neighbors in Winston-Salem; that at "around 4:00 o'clock A. M., on February 15, 1947," Glenn drove the plaintiff in the named insured's truck from the home of the plaintiff in Winston-Salem to the residence of the plaintiff's sister on Whitfield Road near Winston-Salem, where they stopped and visited for fifteen minutes; that they thereupon re-entered the truck and were proceeding along Whitfield Road towards "old highway 311" with Glenn driving, when the accident happened; that Whitfield Road was neither the direct nor the customary route of travel between Winston-Salem and Pine Hall; and that "old highway 311" afforded persons reaching it via Whitfield Road access to Winston-Salem, Pine Hall, and many other places. We are compelled to hold that these circumstances are not sufficient to show that at the time of the accident Glenn was going to the named insured's manufacturing plant at Pine Hall for a load of brick. They rather give rise to the inference that Glenn was using the truck for his own convenience and that of the plaintiff.

In reaching this conclusion, we do not overlook the testimony of the plaintiff, which was received over the objection and exception of the defendant, that he and Glenn had "started to Pine Hall to load the truck with brick." This statement is simply evidence by the plaintiff as to his state of mind, and that of Glenn. It is without probative value. There is no logical relation between the plaintiff's state of mind and the matter in issue, i.e., whether Glenn was using the truck with the permission of the Pine Hall Brick and Pipe Company. While the act of Glenn in driving the truck along the Whitfield Road was equivocal in character, and Glenn could have testified directly as a witness in the case as to the intent with which that act was done by him, the plaintiff could not possibly possess any personal knowledge in respect to Glenn's intention.

The Pine Hall Brick and Pipe Company entrusted the truck to Glenn for a strictly business purpose. There is not a word in the record to indicate that he used it for any other purpose before the morning of the accident, or that his employer knew that he was using it at all on that occasion. These things being true, the testimony offers no basis for an inference that the Pine Hall Brick and Pipe Company had impliedly

extended to Glenn permission to use the truck for his own convenience and that of the plaintiff. *Brochu v. Taylor, supra.*

It follows, therefore, that the trial judge did not err in nonsuiting the action. This conclusion finds complete support in many well considered decisions in other jurisdictions. *Jordan v. Shelby Mut. Plate Glass & Casualty Co.,* 142 F. 2d 52; *Standard Acc. Ins. Co. v. Rivet,* 89 F. 2d 74; *Globe Indemnity Co. v. Nodlere,* 69 F. 2d 955; *Maryland Casualty Co. v. Matthews,* 237 Ala. 650, 188 So. 688; *Mycek v. Hartford Acci. & Indem. Co.,* 128 Conn. 140, 20 A. 2d 735; *Byrne for Use of King v. Continental Co.,* 301 Ill. App. 447, 23 N.E. 2d 175; *Wilson v. Farnsworth* (La. App.), 4 So. 2d 247; *Stephenson v. List Laundry & Dry Cleaners* (La. App.), 168 So. 317; *Waddell v. Langlois* (La. App.), 158 So. 665; *Gearin v. Walsh,* 299 Mass. 145, 12 N.E. 2d 66; *Dickinson v. Great American Indemnity Co.,* 296 Mass. 368, 6 N.E. 2d 439; *Sauriolle v. O'Gorman,* 86 N.H. 39, 163 A. 717; *Penza v. Century Indem. Co.,* 119 N.J.L. 446, 197 A. 29; *Nicholas v. Independence Indem. Co.,* 11 N. J. Misc. 344, 165 A. 868; *Fox v. Employers' Liability Assurance Corporation, Limited, of London, England, supra; Kazdan v. Stein,* 26 Ohio App. 455, 160 N.E. 506, affirmed in 118 Ohio St. 217, 160 N.E. 704; *Denny v. Royal Indemnity Co.,* 26 Ohio App. 566, 159 N.E. 107; *Powers v. Wells,* 115 Pa. Super. 549, 176 A. 62; *Indemnity Co. v. Jordan,* 158 Va. 834, 164 S.E. 539; *Cypert v. Roberts,* 169 Wash. 33, 13 P. 2d 55.

Inasmuch as the judgment rendered in the court below was entirely in favor of the defendant, it has no right to appeal. As a consequence, its appeal must be dismissed. *McCullock v. R. R.,* 146 N.C. 316, 59 S.E. 882; *Lenoir v. South,* 32 N.C. 237.

Judgment affirmed on plaintiff's appeal.

Defendant's appeal dismissed.