**NATIONWIDE MUTUAL INSURANCE CO., Plaintiff,**

v.

**Raymond F. CHANDLER, by his guardian ad litem, Perry N. Walker; R. F. Chandler and Jan K. Jenkins, by his guardian ad litem, Percy L. Wall, Defendants.**

**Civ. No. 1035.**

United States District Court
M. D. North Carolina
Greensboro Division.

May 17, 1957.

Jordan & Wright, Greensboro, N. C., for plaintiff.

W. E. Comer, Percy L. Wall, Greensboro, N. C., for defendants.

HAYES, District Judge.

The question here is whether the coverage of plaintiff's liability policy insuring Floyd Coltrane can be extended to include the liability of Jan Jenkins, a 14 year old boy who had no operator's license.

There is no controversy about its coverage for the insured Floyd Coltrane who owned the pick-up nor for his son Charles, age 22, who was given permission by his father to use the truck in taking some boys to the public school ball park to play ball on Sunday afternoon. All of the boys except Charles were young teen-age boys. Charles went to various places and got the boys and they played ball until late in the afternoon. When the game terminated most of the boys were gathering around the truck which was parked on the shoulder of the public road.

Charles Coltrane was pitching the ball to the catcher Horney, but after he finished practicing, he intended to take the boys to their several homes. Jan Jenkins and two other boys testified that Jan hollered to Charles that Jan would turn the truck around. However, Charles testified that he never heard Jan ask permission to turn the truck around and that he did not give him permission and would not have done so if he had asked him for the reason that he knew Jan was only 14 years old, that he had no license to drive, that it would be a violation of the law to allow Jan to drive; also Charles' father had told him never to let any one under age and without a driver's license operate the truck. Charles impressed the court with his sincerity, honesty and high moral character. His demeanor was excellent and there was every evidence of a conscientious and truthful man.

The owner of the truck, the insured, did not permit, expressly or by implication, Jan to drive the truck on this occasion nor did he expressly or by implication authorize his son Charles to permit Jan or any one else to drive it. There was no permission granted by Charles to Jan; but, if he had granted it, he would have violated the definite orders of his father.

There was an effort made to show that in turning the car around, Jan was performing a task for Charles. This is not convincing. Charles denied it and the court accepts his version.

Jan had worked some on the farm of Floyd and a time or two had been permitted to drive the truck a little on the farm but never on the highway.

For the reasons stated above the cases relied on by the defendants are not applicable. Dodson v. Sisco, D.C., 134 F. Supp. 313; Harrison v. Carroll, 4 Cir., 139 F.2d 427, 429; Chatfield v. Farm Bureau Mutual Auto Ins. Co., 4 Cir., 208 F.2d 250. Applying the principles of law enumerated in the above cases to the facts found in the instant case, they support a judgment for plaintiff.

It is unnecessary therefore to prolong these observations on the power of the original permittee to authorize a second permittee so as to bind the owner. Aetna Casualty and Surety Co. v. De Maison, 3 Cir., 213 F.2d 826; Johnson v.

State Farm Mutual Auto Ins. Co., 8 Cir., 194 F.2d 785; Hooper v. Maryland Casualty Co., 233 N.C. 154, 63 S.E.2d 128; Indemnity Ins. Co. v. Jordan, 158 Va. 834, 164 S.E. 539; Jordan v. Shelby Mutual Plate Glass and Casualty Co., 4 Cir., 142 F.2d 52.

A judgment in favor of plaintiff will be entered.