**A. P. WILLIAMS and Roxie J. Williams, Appellants,**

v.

**TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 7836.**

United States Court of Appeals
Fourth Circuit.

Argued April 15, 1959.

Decided April 20, 1959.

Walter R. Jones, Jr., Rockingham, N. C., and Z. V. Morgan, Hamlet, N. C., for appellants.

Harry DuMont, Asheville, N. C. (Uzzell & DuMont, Asheville, N. C., on brief), for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and BOREMAN, District Judge.

PER CURIAM.

These suits were instituted by the Travelers Insurance Company to deter-

mine the rights of the parties under a garage liability policy issued by it to Hood Autos, Inc. Liability under the policy had been asserted by Roxie J. Williams and A. P. Williams, as a result of a collision between an automobile owned by Hood Autos, Inc., and operated by Bennie Joe Dunlap, one of its employees, and an automobile operated by Roxie J. Williams, in which A. P. Williams was a passenger. A suit was instituted by A. P. Williams in the Superior Court of Richmond County, North Carolina, against Hood Autos, Inc., for damages for injuries resulting from the collision, wherein it was determined that at the time of the accident Bennie Joe Dunlap was not acting as the agent of his employer. Subsequently A. P. Williams instituted an action against Bennie Joe Dunlap in the same court to recover damages for injuries resulting from the collision.

The injured parties contend that Bennie Joe Dunlap was an insured within the meaning of the omnibus clause of the insurance policy issued by the Insurance Company and the pending suit was instituted by it to determine the validity of this claim. The disputed question of fact is whether at the time of the collision Dunlap was driving the automobile of Hood Autos, Inc., with its permission. Evidence on this issue was offered by the parties to the pending suit and at the conclusion thereof the Insurance Company moved for a directed verdict in its favor. This motion was overruled and upon the submission of the issue to the jury they answered the question in the affirmative. Thereafter the Insurance Company made a motion for a new trial and also a motion for a judgment n. o. v. The judge granted the latter motion, being of the opinion that there was no substantial evidence to support the jury's verdict, and this appeal followed.

The only evidence to support the affirmative of the issue was given by Bennie Joe Dunlap, the driver of the insured car. He testified that he was employed as a mechanic by Hood Autos, Inc., at Laurinburg, North Carolina, and had been working on the restoration of an old car several days prior to the date of the accident and had practically completed the work at the end of the day of the accident, just before closing time, but that the motor of the car was skipping and not running properly, and that he was told by the manager of the used car department under whom he worked to test the car by driving it some that night and the next morning. Accordingly, Dunlap left his own car at the garage and took the car upon which he had been working to his home a mile or two away. That night after dinner he drove the car, accompanied by his wife, three of his children and a friend, to his father's home in Coniac, North Carolina, approximately 26 miles distant, and spent the evening. On his way back to his home in Laurinburg, shortly after leaving his father's house, the collision occurred at midnight near Hamlet, North Carolina, and Mr. and Mrs. Williams were injured.

The testimony on behalf of the Insurance Company was that no one was permitted to use any of the employer's vehicles for personal reasons without the permission of the president of the automobile company, and that on the evening in question Bennie Joe Dunlap was instructed by his superior to take the repaired used car for the sole purpose of testing it, or checking it a short distance upon the road, and that he had no permission to drive it for personal purposes.

■ It is our opinion that in this state of the evidence the judgment of the District Court was correct. It is well established in this circuit and elsewhere that a person who is given permission to drive an automobile for a limited purpose does not fall within the scope of the omnibus clause, so as to be within the meaning of the term "insured", when he goes beyond the permissive use and drives the car for purposes of his own. See Continental Cas. Co. v. Padgett, 4 Cir., 219 F.2d 133; Young v. State Farm Mut. Auto. Ins. Co., 4 Cir., 244 F.2d 333; Farmer v. Fidelity Cas. Co. of N. Y., 4 Cir., 249 F.2d 185. This is also the rule in North Carolina, Hooper v. Maryland Cas. Co., 233 N.C. 154, 63 S.E.2d 128.

The testimony of the defendants in the pending case clearly shows that Dunlap was granted permission to use the car for the specific purpose of testing it, and it cannot be reasonably inferred from this permission that he had authority to use the car for a fifty-mile journey for his own personal enjoyment and convenience. No evidence was offered in the case tending to show that a road test of an automobile under repair could, by any stretch of the imagination, include the extensive use to which the car was put in this instance. The positive testimony on the part of the plaintiff in the case was that a road test of the car would consist in driving it a mile or so in the vicinity of the garage.

Affirmed.